471 A.2d 326

**Franklin B. STAGGS, et al.**

v.

**BLUE CROSS OF MARYLAND, INC.**

**No. 580, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

Feb. 9, 1984.

Charles Lee Nutt, Baltimore, with whom were Clements & Nutt, Baltimore, on the brief, for appellants.

Harrison M. Robertson, Jr., Baltimore, with whom were Michael Esher Yaggy and Niles, Barton & Wilmer, Baltimore, on the brief, for appellee.

Argued before GILBERT, C.J., and LOWE and ADKINS, JJ.

GILBERT, Chief Judge.

On December 17, 1982, the appellants, Franklin B. Staggs, John E. Hyde and Robert L. Mason, appealed from the granting of a summary judgment to the appellee, Blue Cross of Maryland, Inc. A motion for summary judgment by other defendants was denied.

Approximately one month after the appeal was noted, new counsel entered his appearance for the appellants. Apparently perceiving in March, 1983, that the appeal was premature because of a failure to comply with Md.Rule 605 a, the appellants filed in the Circuit Court for Baltimore County a paper writing titled, "Motion to Dismiss." The

writing was headed with the legend: "IN THE COURT OF SPECIAL APPEALS OF MARYLAND, P[re] H[earing] C[onference] No. 888, September Term 1982." Notwithstanding the manner in which the motion was headed, it was filed, as we have said, in the circuit court. No action was taken on the motion, but the circuit court belatedly entered judgment in favor of the appellee. The appellant entered another "appeal."

■ The law is well settled that when an appeal is noted to this Court we obtain and retain jurisdiction until such time as we dismiss the appeal, our mandate is issued, or the Court of Appeals grants certiorari.

It is apparent to us that appellants have lost sight of our holding in *Raimondi v. State,* 8 Md.App. 468, 475, 261 A.2d 40, 43–44 (1970), where we said:

"The Court of Appeals has held that the perfecting of an appeal brings the subject matter thereof within the exclusive jurisdiction of the appellate court and suspends the authority of the lower court over it during the pendency of the appeal; that the lower court lacks jurisdiction to take any further action in the case with respect to the subject matter of the appeal until the receipt of the mandate of the appellate court, after the appeal has been heard and decided."

*See also Bullock v. Director,* 231 Md. 629, 190 A.2d 789 (1963), and *Visnich v. Washington Suburban Sanitary Commission,* 226 Md. 589, 174 A.2d 718 (1961).

■ This Court obtained jurisdiction over the appeal on December 17, 1982. We did not relinquish that jurisdiction nor were we asked to so do. Inasmuch as the appeal is still pending before us, all actions taken by the circuit court after December 17, 1982, are null and void. The attempt by the circuit court to cure the jurisdictional defect occasioned by appellants' failure to obey Md.Rule 605 a is itself an aberration, inasmuch as the trial court was without jurisdiction to unravel the snarl into which appellants entangled themselves.

We dismiss the appeal as premature.

APPEAL DISMISSED. COSTS TO BE PAID BY APPELLANTS.