499 A.2d 1313

**Milton F. KIRSNER**

v.

**John Charles L. EDELMANN, et al.**

**No. 216, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Nov. 13, 1985.

Milton F. Kirsner, Baltimore, for appellant.

John H. Dumler (Charles F. Rechner, Jr., on brief), Baltimore, for appellees.

Argued before ROSALYN B. BELL, KARWACKI and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

On this appeal, Milton F. Kirsner, appellant, challenges the judgment of the Circuit Court for Baltimore City ordering that he pay $500.00 toward the counsel fees incurred by John Charles L. Edelmann, appellee, in defending the action initiated by Kirsner. Also at issue is Edelmann's Motion for Payment of Cost and Counsel Fee By Appellant, which seeks recovery of counsel fees incurred in the defense of this appeal. We will affirm the judgment below, but because we have not been provided with sufficient information in support of Edelmann's motion for counsel fees arising on appeal, we will decline to award further counsel fees.

The present appeal had its genesis in an action in ejectment which Edelmann filed against Kirsner in 1978 in the Superior Court of Baltimore City.[1] In that action, Edelmann, the owner of the reversion, alleged that Kirsner, the leasehold owner of 2011 Walbrook Avenue in Baltimore City, failed to pay annual ground rent on the property for three and one-half years despite demand having been made on him. Judgment absolute in favor of Edelmann was entered on March 27, 1979 and a Writ of Possession, pursuant to which the property was delivered to Edelmann's agent, was issued April 4, 1979. Kirsner's appeal of that judgment to this Court was dismissed by his then attorney, who allegedly informed Kirsner that he intended to redeem the property in an equity proceeding.

On February 20, 1981, almost two years later, Kirsner, now represented by different counsel, filed an equity pro-

---

1. Effective January 1, 1983, the courts of the Supreme Bench of Baltimore City, of which the Superior Court was one, were consolidated into the "Circuit Court For Baltimore City".

ceeding against Edelmann in the Circuit Court No. 2 of Baltimore City [2] seeking a return of the Walbrook Avenue property, an accounting, and a judgment for costs and counsel fees. He alleged that he was entitled to relief because "although your Complainant has tendered a check to redeem the leasehold property and pay all items as outlined in the judgment against him, the Respondent has refused to account for the rents collected and to furnish your Complainant with a final redemption figure" and because the value of the property far exceeded the amount of ground rent in arrears. Edelmann's response denied Kirsner's entitlement to relief because the judgment in Edelmann's favor was not appealed, and because Kirsner did not comply with Md.Code Ann.Real Property art. § 8–402(c)(3). Edelmann requested counsel fees and costs pursuant to Md.Rule 604, (effective July 1, 1984, Md.Rule 1–341) as well as the issuance of an injunction restraining Kirsner from initiating further litigation concerning the property. Bernard Dackman, who had purchased the property from Edelmann, was permitted to intervene as a defendant. Thereafter, he demurred [3] on the grounds that the Bill of Complaint did not allege facts showing a confidential or fiduciary relationship and "contrary to Real Property Article 8–402, [Kirsner] did not file this proceeding within the six months after execution upon the judgment for possession."

Following a hearing,[4] the court by order dated April 29, 1983, sustained Dackman's demurrer, dismissed Kirsner's

---

2. The Circuit Court No. 2 of Baltimore City was one of the courts of the Supreme Bench of Baltimore City. See N. 1.

3. Former Md.Rule 371b. Effective July 1, 1984, Md.Rule 2–322 requires that the issues raised by Dackman be raised by motion to dismiss.

4. The hearing on the demurrer was conducted initially by the General Equity Master, who, after concluding that Kirsner's suit was barred by virtue of his failure to institute the action "within six calendar months after the execution," in contravention of Real Property Art. § 8–402, recommended that it be sustained without leave to amend, and further recommended that a prompt hearing be scheduled on Edel-

Bill of Complaint with prejudice, enjoined and restrained Kirsner from instituting further proceedings regarding the property, and referred the matter of counsel fees to the master for a determination of "Whether or not the Bill of Complaint was filed in bad faith or without substantial justification." Kirsner appealed to this Court.

On June 7, 1983, while his appeal was pending, the master conducted a hearing on Edelmann's request for counsel fees. In addition to arguing, as he had before, that he had timely tendered payment to cover the ground rent arrearages, which was all that § 8–402 required, Kirsner contended that the Circuit Court lacked jurisdiction to hear or decide the counsel fee question due to the pendency of his appeal in this Court. The master rejected both arguments. Having found that Kirsner brought the suit without substantial justification, she recommended that Edelmann be awarded, pursuant to Md.Rule 604b, $500.00 toward his counsel fees.

A hearing was held on Kirsner's exceptions to the Master's Report and Recommendation on January 9, 1985. By then, this Court's opinion dismissing Kirsner's appeal[5] for failure to comply with Rule 605a (present Md.Rule 2–602) had been filed. Kirsner argued before the trial court as he had before the master, that the Circuit Court lacked jurisdiction to determine the issue of counsel fees and that,

---

mann's request for an injunction. As to the counsel fee request, she recommended that Dackman and Edelmann submit motions for costs. Kirsner presented his theory for believing himself to be entitled to bring the action at that hearing.

The court heard the matter on Kirsner's exceptions to the Master's Report and Recommendation. It overruled Kirsner's exceptions and specifically adopted the master's recommendations.

5. The opinion in *Kirsner v. Edelmann,* et al, No. 821, September Term, 1983, was filed March 28, 1984. In addition to dismissing the appeal, we observed that Kirsner could not prevail on the merit of his appeal because, in contravention of § 8–402 Kirsner filed suit after having ". . . tendered only the amount of ground rent due and not the costs as required [and t]he Bill of Complaint was filed twenty months after the execution of the judgment." Although the opinion is a per curiam unreported one, we may refer to it pursuant to Md.Rule 1092c.

in any event, his action was brought *with* substantial justification. The court ruled:

> I think the Master has given this matter thorough consideration, and that this case certainly falls within the Maryland Rule 604b, that this proceeding was instituted in bad faith or without substantial justification or for purposes of delay. That the Master generously stated it was without substantial justification—may have been all three things. I don't have to resolve that.

Therefore, the court accepted the Master's recommendation and assessed Kirsner an attorney's fee of $500.00, payable to Edelmann in respect of his counsel fees.

Kirsner has again appealed to this Court, this time from the judgment awarding counsel fees. While the appeal was pending, but prior to oral argument, Edelmann filed in this Court his Motion For Payment of Cost and Counsel Fee By Appellant.

Kirsner's primary argument is that the trial court lacked jurisdiction to hear and to decide Edelmann's request for counsel fees. Relying on *Staggs v. Blue Cross of Maryland, Inc.*, 57 Md.App. 576, 471 A.2d 326 (1984), he asserts that the hearing before the master occurred, and her Report and Recommendation issued, while his appeal was pending in this Court. Therefore, he continues, the court's actions and, specifically, its order of January 9, 1985, because based on that Report and Recommendation, were null and void.[6] We disagree.

■■■■ It is well settled that "[a]fter an appeal has been perfected, [the appellate court] is vested with the exclusive power and jurisdiction *over the subject matter* of the proceedings, and the authority and control of the lower court with reference thereto is suspended." (emphasis added).

---

6. Kirsner observes that we did not remand his prior appeal to the Circuit Court, an option he feels we would have taken had we "wanted the issues [of counsel fees] tried and determined." What we might have done in his prior appeal is not before us on this appeal and so we decline to address Kirsner's speculation in that regard.

*Lang v. Catterton,* 267 Md. 268, 297 A.2d 735 (1972). *See also Buffin v. Hernandez,* 44 Md.App. 247, 408 A.2d 393 (1979) (The holding in *Lang* applies where the appeal is taken to the Court of Special Appeals). The lower court may act only with respect to collateral or independent matters not relating to the subject of the appeal. *Bullock v. Director,* 231 Md. 629, 190 A.2d 789 (1963), overruled on other grounds, 287 Md. 406 (1980), 4 Am.Jur.2d., *Appeal and Error,* § 355 (1962). One such matter is the award of counsel fees. *Dent v. Simmons,* 61 Md.App. 122, 130, 485 A.2d 270 (1985). When the appellate court has decided the appeal and its mandate has issued, the lower court may again act, albeit only in conformity with the mandate, on those issues which were the subjects of the appeal. *Staggs v. Blue Cross of Maryland, Inc.,* 57 Md.App. at 578, 471 A.2d 326.

In the case *sub judice,* the order of April 29, 1983 did not involve the counsel fee issue and that issue was not raised on appeal. *Dent v. Simmons, supra.* The lower court specifically reserved that issue, referring it to the master for hearing prior to making any decision on it. In addition, the hearing before the court was not conducted until after Kirsner's appeal had been decided and our mandate had issued. *Staggs v. Blue Cross of Maryland, supra.* A hearing before a master does not supplant the ultimate role of the judge in the judicial process. *Dobrow v. Dobrow,* 50 Md.App. 465, 439 A.2d 596 (1982), *Ellis v. Ellis,* 19 Md.App. 361, 311 A.2d 428 (1973). A master is but a ministerial assistant of the judge, who alone can enter a binding judgment, *Swisher v. Brady,* 438 U.S. 204, 98 S.Ct. 2699, 57 L.Ed.2d 705 (1978), which in turn can only be entered following a hearing or review at which the master's report and findings of facts, the exceptions taken and all relevant facts are considered. *See Wenger v. Wenger,* 42 Md.App. 596, 402 A.2d 94 (1979). Thus, the court "acts" only when it hears or reviews the master's findings. We conclude that the court had jurisdiction to consider and determine the issue of counsel fees and its jurisdiction was

unaffected by the master's hearing prior to the decision and mandate in Kirsner's appeal.

Kirsner next attacks the hearing on his exceptions, contending that it "... was short of a trial in that there was no sworn testimony, and the court refused Mr. Fair's request to have me testify, nor was he able to cross-examine Mr. Rechner ...". A majority of the judges of a circuit may appoint masters, Md.Rule 2–541(a),[7] and refer to the masters so appointed certain matters, Md.Rule 2–541(c), for hearing and report, which, "[u]nless otherwise ordered, ... shall include findings of fact and conclusions of law and a recommendation", Md.Rule 2–541(e) and (f). Exceptions to the master's report may be filed within ten days, Md.Rule 2–541(h)(1), in which event, subsection (i) applies. It provides:

> *Hearing on Exceptions.* The court may decide exceptions without a hearing, unless a hearing is requested with the exceptions or by an opposing party within five days after service of the exceptions. The exceptions shall be decided on the evidence presented to the master unless: (1) the excepting party sets forth with particularity the additional evidence to be offered and the reasons why the evidence was not offered before the master, and (2) the court determines that the additional evidence should be considered. If additional evidence is to be considered, the court may remand the matter to the master to hear the additional evidence and to make appropriate findings or conclusions, or the court may hear and consider the additional evidence or conduct a de novo hearing.

Therefore, before the excepting party is entitled to have additional testimony heard two criteria must be met; "... (1) the excepting party sets forth with particularity the additional evidence to be offered and the reasons why the evidence was not offered before the master, and (2) the court determines that the additional evidence should be

---

7. Former Md.Rule 596.

considered." Kirsner's exceptions contained neither a particularized statement of the additional evidence to be offered, nor any reasons for not having offered it before the master; he merely complained that the court lacked jurisdiction, and that the recommendation was against the weight of his proffer. His attempt was to offer testimony, which, judging from Mr. Fair's proffer and the exceptions, had already been proffered to the master. The court did not abuse its discretion when it refused to hear that testimony. Md.Rule 1086.

Nor was the court's decision to overrule Kirsner's exceptions and adopt the master's report and recommendation, thus awarding Edelmann counsel fees of $500.00, erroneous, not to mention, clearly erroneous.[8] After setting out the facts as disclosed by Kirsner's proffer, the master concluded in her report and recommendation:

> The factor that the Master finds dispositive is that the Real Property Article § 8–402(c)(3) requires a suit in equity to redeem the property in addition to payment of the arrearages and costs. Plaintiff Kirsner, who is an attorney and an experienced real estate owner as evidenced by other litigation of record in Baltimore City, could have easily checked the court records for compliance with this statute. He apparently did not bother, nor did his current attorney do so before instituting the current suit against Mr. Edelmann. Reliance on verbal assurances from a prior lawyer *might* be persuasive if the Plaintiff were a lay person inexperienced in real estate dealings. Mr. Kirsner merely demonstrated his carelessness by selling the Walbrook Avenue property to Baltimore-Cleveland Associates less than 2 months after the Nar in Ejectment Order. (*Free State Realty, Inc. v. Baltimore-Cleveland Associates*, Circuit Court for Balti-

---

**8.** Although Kirsner correctly labels our comments concerning the merits of his prior appeal as dicta, *Eastgate Assoc. v. Apper*, 276 Md. 698, 350 A.2d 661 (1976), those comments were a clear indication that his suit was lacking in merit.

more City # 80–016–001). The trustees appointed in this latter case had to refund the purchase price to the buyer of 2011 Walbrook Avenue because they did not have title to it from Mr. Kirsner. (emphasis in original).

The court heard the arguments of counsel, reviewed the file and the report and recommendation of the master and the exception taken to her report.[9] Only then did she, finding the "report and recommendations valid and appropriate", accept the master's recommendation. *Rand v. Rand*, 33 Md.App. 527, 365 A.2d 586 (1976), *vacated on other grounds*, 280 Md. 508, 374 A.2d 900 (1977).

Maryland Rule 1–341 provides:

In any civil action, if the court finds that the conduct of any party in maintaining or defending any proceeding was in bad faith or without substantial justification the court may require the offending party or the attorney advising the conduct or both of them to pay to the adverse party the costs of the proceeding and the reasonable expenses, including reasonable attorney's fees, incurred by the adverse party in opposing it.

This rule applies the sanction of reasonable counsel fees and costs to appeals which have been taken without substantial justification or in "bad faith." *Blanton v. Equitable Bank, Nat. Assoc.*, 61 Md.App. 158, 485 A.2d 694 (1985).

Edelmann's motion alleges that this appeal was taken without substantial justification and in bad faith. Kirsner's response denied these allegations, reiterated his jurisdictional argument, and, apparently misreading Maryland Rule 1–341, contended that Edelmann, not being a member of the bar, is "ineligible to receive costs and attorneys fees." Although neither party requested a hearing, we neverthe-

---

**9.** The court does not mention specifically that it considered the exceptions. The transcript of the proceedings makes obvious that it did. In any event, a judge is presumed to know the law, and thus is not required to set out in intimate detail each and every step in his or her thought process. *Zorich v. Zorich*, 63 Md.App. 710, 493 A.2d 1096 (1985), *Bangs v. Bangs*, 59 Md.App. 350, 475 A.2d 1214 (1984).

less received oral argument on the motion from both parties.

*Dent v. Simmons, supra,* involved facts similar to those in the instant case. There, the trial court awarded counsel fees to the adverse party while its ruling on a demurrer was pending in this Court. As noted above, we found the counsel fee issue to be collateral or independent of the subject matter on appeal. *Dent* was filed on January 3, 1985, prior to the noting of the subject appeal, and is dispositive of this appeal's jurisdictional argument. Moreover, the jurisdictional argument is not "innovation or exploration beyond existing legal horizons", *Id.* 61 Md.App. at 128, 485 A.2d 270, and is clearly without merit.

Kirsner's argument that Edelmann cannot be awarded counsel fees because he is not a member of the bar is specious. His only other argument, that he acted diligently, on advice of counsel and therefore with substantial justification, was raised below and rejected, a finding with which we are totally in accord. Furthermore, in our decision of his prior appeal, we pointedly advised Kirsner, albeit in dicta, of that argument's lack of merit. We conclude that this appeal was taken without substantial justification. Therefore, reasonable counsel fees and costs may be awarded. See Md.Rule 1–341.

Although this case would appear to cry out for this sanction, we decline to impose it. Edelmann's motion was not supported by an affidavit informing us of the expenses incurred in defending this appeal. Nor is any such information contained in the body of the motion. And we were unable to obtain at oral argument any clue as to the expenditures.[10] We are without basis to make the award requested. We hold that, on appeal, the party seeking counsel fees and costs in connection with the appeal must provide this Court with information as to the expenses

---

**10.** Edelmann's counsel did not appear at oral argument because he was in the hospital.

incurred from which this Court may make an appropriate award. Ordinarily, this will require that counsel file an affidavit.

In *Blanton v. Equitable Bank, Nat. Assoc., supra,* counsel for the appellee filed an affidavit in which the expenses incurred on appeal were listed in gross, without specifying the time involved or his hourly rate. Noting that, while not complex and requiring little legal research, the motion to dismiss was clearly necessary, we said:

> Taking account of these factors, and applying our own knowledge of the case and the legal effort and expertise required, *Sharp v. Sharp,* 58 Md.App. 386, 406, 473 A.2d 499 (1984), we conclude that a fee of $500.00 would be reasonable in addition to the expenditure of $42.80.

*Id.* [61 Md.App.] at 167, 485 A.2d 694. In *Sharp v. Sharp, supra,* a trial court's award of counsel fees, even though no testimony on the issue had been presented at trial was not an abuse of discretion where,

> The chancellor stated he had "reviewed the file," that it is "obvious" that attorney fees were incurred in the litigation of this case. The chancellor also had the opportunity to observe appellee's counsel's conduct in the trial before him.

*Id.* [58 Md.App.] at 406, 473 A.2d 499. Similarly, in *Century I Condo v. Plaza Condo Joint Ven.,* 64 Md.App. 107, 494 A.2d 713 (1985), an affidavit was filed in support of a claim for counsel fees on appeal. Again, using the amount claimed in the affidavit as the upper limit for any award we determined to be appropriate and "applying our knowledge of the case and the legal effort and expertise required", we awarded counsel fees in an amount less than was claimed.

Unlike in *Blanton,* and *Century I,* no affidavit was filed with Edelmann's motion. We are therefore left to speculate as to what amount of attorney's fees would be reasonable. Unlike in *Sharp,* we have not had the opportunity to observe Edelmann's counsel in the proceedings before us.

JUDGMENT AFFIRMED; APPELLEE'S MOTION FOR COUNSEL FEES ON APPEAL DENIED.

COSTS TO BE PAID BY APPELLANT.