509 A.2d 711

**Zakaria M. OWEISS**

v.

**ERIE INSURANCE EXCHANGE.**

**No. 1157, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

June 4, 1986.

714

J. Hardin Marion (Diane V. D'Aiutolo and Tydings & Rosenberg, on brief), Baltimore, for appellant.

D. Lee Rutland (James T. Wharton and Digges, Wharton & Levin, on brief), Annapolis, for appellee.

Argued before BLOOM, KARWACKI and WENNER, JJ.

KARWACKI, Judge.

After a bench trial, the Circuit Court for Montgomery County rendered a declaratory judgment that Erie Insurance Exchange owed no duty of indemnity or defense to Zakaria M. Oweiss, whom it insured under automobile and homeowner's liability insurance policies with respect to a suit for personal injuries brought against Oweiss by Wallace Norris. This appeal is from that judgment.

On December 10, 1982, on 19th Street between M and N Streets, N.W., in the District of Columbia, automobiles driven by Norris and Marianne Oweiss, the appellant's wife, came into slight contact. Neither personal injuries nor property damage resulted. Both drivers stopped, got out of their vehicles, and began discussing who was at fault and who had to disclose insurance information. The two quickly got into a disagreement about both points of their discussion. Mrs. Oweiss went back to her car, which was equipped with a telephone, and called both the police and her husband. The appellant, whose office was located only a few blocks from where the accident occurred, arrived before the police. He checked his wife's car for damage while Mr. Norris, who in the meantime had gone back to his car, returned to talk with Mrs. Oweiss again. She apparently wanted to see Mr. Norris' driver's license, but did not feel obligated to show her own. She then accused Mr. Norris of having swerved in and out of traffic, to which Mr. Norris retorted, "Lady, you're a liar."

At this point, the appellant became involved. Mr. Norris testified that the appellant "grabbed me by the throat, and he had his two fingers and he punched them ... in the solar plexus.... He forced me back to the car, and had me bent over the trunk...." Mr. Norris further stated that when he was backed up against the car by the appellant, he injured his wrist. The police arrived shortly thereafter, but, as there was no visible damage to the automobiles, no accident report was filed. Mr. Norris made no mention to the police officer of the altercation between himself and the appellant.

On February 23, 1983, Mr. Norris filed a one count declaration against the appellant. He alleged that at the scene of the accident, the appellant "grabbed the plaintiff by the throat" and "did then and there at that time with his hands, fist and body, willfully, maliciously and wrongfully assault, strike, beat, batter and bruise the plaintiff."

The liability coverage section of the appellant's automobile policy provided that the appellee would pay "all sums for which the law holds you responsible for damages arising out of the ownership or use of a car we insure" and that, "[i]f you are sued for damages, we will defend you with a lawyer we choose, even if the allegations are not true." The policy contained the following exclusion: "We do not cover ... [n]or will we pay for: (g) damages caused *intentionally* by or at the direction of anyone we protect." (Emphasis supplied). The homeowner's policy provided with regard to personal liability coverage that the appellee would pay "all sums which anyone we protect becomes legally obligated to pay as damages because of bodily injury or property damage covered by this policy," but excluded coverage for "bodily injury or property damage *expected* or *intended* by anyone we protect." (Emphasis supplied). In that policy the appellee further promised, "If anyone we protect is sued for damages, we will defend him with a lawyer we choose, even if the allegations are not true."

On March 30, 1984, the appellee filed the declaratory judgment action that has resulted in this appeal. Then, on

June 5, 1984, Norris filed an amended declaration in his pending suit against the appellant, adding a count which alleged that the appellant "negligently caused the plaintiff to suffer serious, painful and permanent injuries to his body, specifically, his hand."

The appellee received no notice of the amended declaration until sometime in August or September, 1984, when its attorney was advised of the filing by the appellant's attorney who pointed out that the Norris suit included allegations of negligence and demanded that the appellee assume the costs of the appellant's defense in that case. The appellee declined to furnish a defense pending the outcome of the declaratory judgment action.

On March 21, 1985, the Norris suit was settled by the appellant's payment of the sum of $7,200, ostensibly on the sole basis of the negligence count. On April 1, 1985, the declaratory judgment action was tried.

The appellant presents the following three questions:

I.   Is the insurer obligated to defend its insured when an intentional tort claim is amended to include a claim for negligence?

II.  When the insurer has breached its duty to defend, is it obligated to indemnify its insured for the amount reasonably paid in a good faith settlement of the negligence claim?

III. Because of the insurer's unjustified refusal to defend the tort suit against its insured, is it obligated to reimburse for all attorneys' fees and costs he has incurred?

## I.   Duty to Defend

■ The obligation of an insurer to defend its insured under a liability insurance policy such as the ones *sub judice* is determined by the allegations in the tort action. *Brohawn v. Transamerica Ins. Co.*, 276 Md. 396, 407, 347 A.2d 842 (1975); *Ohio Casualty Ins. v. Lee*, 62 Md.App. 176, 189, 488 A.2d 988, *cert. denied*, 303 Md. 471, 494 A.2d

939 (1985). In those cases the policy language being construed required the insurer to defend any suit against the insured which alleged a claim covered by the policy "even if the allegations of the suit are groundless, false or fraudulent." The language before us in this case mandated a defense "even if the allegations are not true." Under either provision the insurer's duty to defend is absolute so long as the allegations upon which the underlying tort action is brought are within the policy coverage.

■ Where a tort plaintiff alleges facts which not only leave the claim outside of the coverage of the policy, but also preclude the potentiality that the claim could be covered by the policy, the insurer has no duty to defend. *Brohawn,* 276 Md. at 408, 347 A.2d 842. The instant case is an example of this. The facts as originally alleged allowed the appellee to decline to defend the appellant under either policy for two separate reasons; the alleged damages to the plaintiff did not arise out of the ownership or use of a car insured under the automobile policy and both policies specifically excluded coverage for "damages caused intentionally by ... anyone we protect."

■ Although the appellee had no duty to defend the suit against the appellant under the original declaration, we hold that a duty did arise under the homeowner's policy after Norris amended his declaration to allege damages resulting from the negligence of the appellant. The suit was not amended, however, until June 5, 1984, and the appellee was not notified of his amendment until sometime later.[1] The appellee's duty to defend did not arise until it was notified

---

1. The court found that notice of the amended declaration to the appellee occurred when its counsel received a letter dated November 2, 1984 from the appellant's attorney, demanding that the appellee assume the costs of defense of the Norris suit. We note from a review of that letter, which was introduced in evidence, that the appellant's counsel therein referred to a telephone notification of the claim of negligence contained in the amended declaration to the appellee's counsel "over one month ago regarding your client's intentions with respect to providing legal representation."

of the negligence count and asked to assume the costs of defense. *Brohawn,* 276 Md. at 407, 347 A.2d 842; *Washington v. Federal Kemper Ins.,* 60 Md.App. 288, 297, 482 A.2d 503 (1984), *cert. denied,* 302 Md. 289, 487 A.2d 292 (1985).

■ The trial judge, in his memorandum opinion accompanying the declaratory judgment from which this appeal is taken, rejected on two bases the claim of the appellant for reimbursement of defense costs after the date that the appellee was notified of a claim within the coverage of the homeowner's policy. First, noting from the docket in the Norris suit that no activity had taken place between that notice and the settlement of the action, he found that the appellant had suffered no damage from the appellee's default. The evidence before him simply did not support that conclusion. The fact that no pleadings had been filed or discovery employed during the period in question does not establish the lack of any legal services furnished in defense of the Norris suit. Moreover, counsel for both parties, in opening statements and closing arguments at trial, suggested to the court that if it concluded the appellee was liable for costs of defense after notice of the negligence claim in the amended declaration, then a further hearing would have to be scheduled on the issue of what those costs were.[2]

Second, the court concluded that since the settlement of the Norris case was made "with *Brohawn* in mind," the negligence claim of Norris and its settlement were "the invention of ingenious counsel attempting to obtain money from the insurance company to which they had no rightful claim." Again, there is no evidentiary basis for this conclu-

---

2. In closing argument the appellee's counsel stated:
   It is our position in the present case that there was no coverage for the claim, either in fact or as pleaded, and, therefore, that no defense costs should be recoverable, but, in the alternative, in the event that the Court felt otherwise, I think we might reach a separate hearing on costs, the defense costs, and the allocability with regard to the work done prior to the amended declaration or prior to service of the amended declaration upon the carrier.

sion. Counsel for the appellant obviously insisted that the appellee meet its contractual obligation to its insured under the homeowner's policy to pay for the cost of a defense of a claim, albeit groundless, asserted by Norris. The appellant was entitled to no less under *Brohawn*. There was, however, no evidence that the amended declaration alleging negligence was the product of any contrivance between counsel for the appellant and Norris. The court was clearly erroneous in concluding that *Brohawn* did not mandate the appellee's duty to assume the appellant's cost of defense of the Norris suit.

## II. Duty to Indemnify

■ The appellant argues that since the appellee, after receiving notice of the amended declaration, breached its duty to defend the appellant, it was therefore obligated to indemnify him for any amounts paid in a good faith settlement of the tort suit. He is wrong. *Glens Falls Ins. v. Amer. Oil Co.*, 254 Md. 120, 254 A.2d 658 (1969); *Fireman's Fund Ins. Co. v. Rairigh*, 59 Md.App. 305, 475 A.2d 509, *cert. denied*, 301 Md. 176, 482 A.2d 502 (1984). In *Rairigh*, at pages 317–18, 475 A.2d 509, we quoted the applicable rule from A.D. Windt, *Insurance Claims and Disputes* § 4.35 (1982):

> [A]n insurer's unjustified refusal to defend does not estop it from later denying coverage under its duty to indemnify. If an insurer wrongfully refused to defend an insured, it should be liable for the damages that the insured thereby incurs .... The insurer's breach of contract should not, however, be used as a method of obtaining coverage for the insured that the insured did not purchase.

The appellee was entitled to a determination of the indemnity issue in the instant case since the underlying tort action had previously been settled. In this regard *Brohawn* is inapposite. There the insurer sought a declaratory judgment that it owed to its insured neither a duty to defend nor a duty to indemnify on the basis that the actions

of its insured giving rise to a third party tort claim were intentional and thereby excluded from coverage. Because the issue of whether the insurer's actions were intentional or negligent was to be decided in a pending tort suit, the Court of Appeals upheld the trial court's denial of the relief requested on the indemnification issue. The court noted, however, that:

If the issue upon which coverage is denied were not the ultimate issue to be determined in a pending suit by a third party, a declaratory judgment would be appropriate. But where, as here, the question to be resolved in the declaratory judgment action will be decided in pending actions, it is inappropriate to grant a declaratory judgment.

*Brohawn,* 276 Md. at 406, 347 A.2d 842.

In the present case, the underlying tort suit had been settled at the time the trial of the declaratory judgment suit commenced. There were thus no actions pending in which the issue upon which coverage was denied by the appellee was to be decided. The evidence amply supported the findings that the incident on which the Norris suit was based did not arise out of the use of an insured automobile and that the conduct of the appellant was intentional. The court did not err in concluding that the appellee was under no duty to indemnify the appellant for the money he paid to settle the Norris suit. Rule 1086.

III. Appellant's Attorney's Fees and Costs

■ Because the trial court erred in determining that the appellee owed no duty to provide a defense of the Norris suit on behalf of the appellant, it never received any evidence on the issue of what damages were suffered by the appellant as a result of that breach. We will remand the case for further proceedings on that issue, but at this time it is not before us. Rule 1085. Finally, we find no merit in the appellant's argument that the appellee's participation in this appeal was in bad faith or without substantial justification. We therefore decline to award the appellant his

attorney's fees and expenses in pursuing this appeal. Rule 1–341. *Cf. Kirsner v. Edelmann*, 65 Md.App. 185, 499 A.2d 1313 (1985); *Century I Condo v. Plaza Condo Joint Ven.*, 64 Md.App. 107, 444 A.2d 713 (1985); *Blanton v. Equitable Bank, Nat'l Ass'n*, 61 Md.App. 158, 485 A.2d 694 (1985).

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART; CASE REMANDED FOR FURTHER PROCEEDINGS;

COSTS TO BE DIVIDED BETWEEN THE PARTIES.