## LOUIS STABILE

*vs.*

## JOHN DANINI.

*Pleading: bill of particulars; refusal to file—; non pros. Judgment for costs. Appeal.*

Where a plaintiff refuses to file a bill of particulars, and the Court enters a judgment of *non pros.* and a judgment for the defendant for costs, it is so far a final judgment that an appeal will lie.                                   p. 569

The right to a bill of particulars extends to all descriptions of actions at law, when justice demands that a party should be apprised of the matter for which he is to be put on trial with more particularity than is required by the rules of pleading.                                   p. 569

*Decided April 3rd, 1918.*

Appeal from the Superior Court of Baltimore City. (DOBLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*George Washington Williams* (with whom was *John Holt Richardson* on the brief), for the appellant.

*Ward B. Coe and I. Wm. Schimmel* (with whom was *William P. Cole, Jr.,* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The appellant, Louis Stabile, sued the appellee, John Danini, in the Superior Court of Baltimore City, to recover damages for the breach of a contract under seal, dated July 18, 1916, to provide the materials and to perform all the work in erecting seven dwellings and two stores to be built on property located on the north side of Eastern avenue, extended, in Baltimore County, for the sum of $14,000.

The declaration avers, that the defendant was to do everything required by the general conditions of the contract, the specifications and the drawings, that the work under the contract should be substantially completed by December 1, 1916, or pay the plaintiff the sum of ten dollars for each and every day's delay as liquidated damages.

The declaration, then, avers, as a breach of the contract, first, that the defendant did not provide the materials and perform the work, as set forth and required by the contract, although the plaintiff paid the defendant, the sum of $14,-000, and, second, that the defendant did not substantially complete the work by December 1, 1916, and the plaintiff claimed the sum of five thousand dollars, as damages.

The defendant appeared to the suit, and filed a demand for a bill of particulars of the plaintiff's claim. An answer was filed to this demand by the plaintiff, stating that the declaration was a sufficient bill of particulars.

The Court below sustained the defendant's exception to the plaintiff's answer, and directed the plaintiff to file a bill of particulars in accordance with the demand on or before the 28th of November, 1917. The plaintiff refused to comply with the order, requiring him to file a bill of particulars, and the Court entered a judgment of *non pros* and a judgment for the defendant for costs. From this judgment the plaintiff has appealed.

A motion is made to dismiss the appeal upon the ground that the action of the Court, in granting or refusing a demand for a bill of particulars, is within the sound discretion

of the Court, and is not reviewable on appeal to this Court until final judgment.

The rule upon this subject is not only well settled in this and other jurisdictions, but has been applied, and enforced by a number of recent cases in this Court, and it need not be discussed on this appeal. *Warfield v. State,* 116 Md. 599; *Burk v. Tinsley,* 80 Md. 100; *Freud v. State,* 129 Md. 636.

The appeal in this case, however, is taken from a judgment of *non pros* and a judgment for the defendant for costs. From such a judgment an appeal will lie. *Henderson v. Md. Home Insurance Co.,* 90 Md. 52; *Rutledge v. McAfee,* 72 Md. 32; *State v. Gittings,* 33 Md. 461.

In the recent case of *Emersonian Apts. v. Taylor,* 132 Md. 209, this Court said: "When there is a ruling on a demurrer to the declaration in favor of the defendant and the plaintiff declines to amend, of course, then the judgment is properly a judgment for costs and is final, as the judgment is that the plaintiff 'go without day.' (1 *Poe,* Sec. 710.) Such a judgment determines that the plaintiff is not entitled to recover on what is stated in the declaration." (1 *Poe,* Sec. 591.)

In this case, we find nothing upon the Record to show that the Court below transcended its power in granting the order for a bill of particulars, as defined by the cases referred to herein.

On the contrary, we think, it was a proper case for a bill of particulars.

In 31 *Cyc.* 568, it is stated, "At the present time the right to a bill of particulars is generally held to extend to all descriptions of actions at law, when justice demands that a party shall be apprised of the matter for which he is to be put to trial with more particularity than is required by the rules of pleading."

In *Warfield v. State,* 116 Md., *supra,* the general rule was stated to be, that "There is no restriction upon the power; it extends to all descriptions of actions, where justice demands

that a party, whether plaintiff or defendant, should be apprised of the particulars of the facts his adversary expects to prove; and the scope of the order must ordinarily be a question of discretion to be governed by the circumstances." 3 *Enc. Pl. and Pr.* 523; *Cunard* v. *Francklyn,* 111 N. Y. 511.

In *Breslauer Realty Co.* v. *Cohen,* 115 N. Y., Appellate Division, 360, a somewhat similar case, the rule was applied, and the Court said: "The contract for the completion of these houses contains many clauses in relation to the buildings to be erected upon the premises. It would be impossible for the defendants to prepare for trial without knowledge of the particulars in which the plaintiff claims that the houses were not completed as required by the contract. The action is to recover the damages sustained because defendants did not complete the work in accordance with their contract. The plaintiff must know in what respect it justified its refusal to accept the work when tendered by the defendants, and in what respect the buildings were not then completed as provided for in the contract."

For the reasons stated, the motion to dismiss the appeal, must be overruled, and the judgment will be affirmed.

*Judgment affirmed, with costs.*