## PORTER, ET AL. *v.* BINGHAM

[No. 239, September Term, 1969.]

*Decided March 5, 1970.*

The cause was argued before HAMMOND, C. J., and McWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*Victor L. Crawford* for appellants.

*Paul V. McCormick,* with whom were *McInerney, Layne & McCormick* on the brief, for appellee.

PER CURIAM.

Appellants, James A. Porter, Jr., et al., sued appellee, Boyd Bingham (Bingham), in the Circuit Court for Montgomery County as the result of an automobile accident. They alleged that Bingham operated his motor vehicle "in a grossly negligent, reckless, wanton and outrageous manner, and with utter indifference to his obligations to exercise due care in general and to the plaintiff in particular, * * * while intentionally under the influence of alcoholic beverage" and claimed punitive damages. A demurrer by Bingham was sustained with leave to amend, Judge Moorman having held on the strength of *Davis v. Gordon,* 183 Md. 129, 36 A. 2d 699 (1944), that the declaration was "not sufficient as a matter of law to justify a claim for punitive damages." Cf. *Conklin v. Schillinger,* 255 Md. 50, 71, 257 A. 2d 187 (1969). Porter filed an amended declaration on July 24 and on the same day filed an appeal to this Court "from the Opinion and Order of Judge Moorman * * * sustaining the

Demurrer to the original Declaration * * * and thereby prohibiting the plaintiffs from suing for punitive damages for gross negligence as alleged" and requests that we pass upon this action on the part of Judge Moorman.

With the exception of the matters specified in Code (1968 Repl. Vol.) Art. 5, § 1A, not here pertinent, appeals from courts of law are to be only from final judgments. See Code, Art. 5, § 1 and *Merlands Club v. Messall*, 238 Md. 359, 361, 208 A. 2d 687 (1965), and cases there cited. In *Evans v. Shiloh Baptist Church*, 196 Md. 543, 551, 77 A. 2d 160 (1950), in an opinion by Judge (later Chief Judge) Markell this Court specifically held "that an order sustaining a demurrer to the bill, with leave to amend, is not appealable" and proceeded to dismiss the appeal. In this instance the fact that the matter is at law rather than in equity in no way changes the situation. This is not an appeal allowed by law and, therefore, under Maryland Rule 835 the appeal is dismissed.

*Appeal dismissed, appellants to pay the costs.*