534 A.2d 122

**Robert J. McLAUGHLIN, Appellant,**

v.

**GWYNEDD PIKE ASSOCIATES and Telford Industrial Development Authority, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1987.

Filed Dec. 4, 1987.

Jack J. Hetherington, New Britain, for appellant.

Paul J. Mayewski, Spring House, for appellees.

Before MONTEMURO, POPOVICH and CERCONE, JJ.

MONTEMURO, Judge:

This is an appeal challenging an order of the Montgomery County Court of Common Pleas sustaining preliminary objections in the nature of a motion to strike for failure to state a cause of action and thereby dismissing appellant's mechanics' lien claim and complaint in action upon that lien. We affirm.

This action arises out of a construction project. Appellee Telford Industrial Development Authority is the legal owner of the shopping center involved in the construction project. Appellee Gwynedd Pike Associates ("Gwynedd"), by virtue of an installment sales agreement, is the equitable owner of the shopping center. The P.C.M. Group, Inc.

("P.C.M.") served as general contractor for the project and contracted directly with Gwynedd. Appellant Robert J. McLaughlin subcontracted with P.C.M. for the drywall construction. In the contract between appellant and P.C.M., appellant expressly waived his right to file any liens against the shopping center premises.[1]

In spite of the waiver of liens provision in the contract, on February 6, 1985, appellant gave written notice to Gwynedd of his intention to file a mechanics' lien claim in the amount of $23,313.00 representing the sum allegedly owed to him for work completed on the construction project. *See* 49 P.S. § 1501(b). Appellant then filed a Mechanics' Lien Claim upon the owners of the property followed by a Complaint in Action Upon Mechanics' Lien. In the claim, appellant asserted that he had performed his obligations under the contract with P.C.M. but that payment was still due. The trial court dismissed his complaint, finding that "while a breach by the appellees certainly may give rise to a breach of contract action ..., such a breach of contract does not affect the validity of the subcontractor's waiver of the right to file a mechanics' lien." Trial Court Opinion at 6–7 (footnote omitted).

1. Paragraph 10 of the contract between appellant and P.C.M. provided that

The subcontractor for itself, its subcontractors and all parties acting through or under it hereby convenants and agrees not to file any liens or to make any claims against the premises or any part thereof or against any improvements erected thereon, and further covenants to release and hereby does release the premises upon which the Project is located and each and every part thereof and any and all buildings that may now or hereafter be erected thereon, from any and every lien, charge or claim of any nature whatsoever that it might otherwise at any time have against the same or any part thereof, for work done or to be done or materials furnished or to be furnished or upon any other ground whatever growing out of or in any way connected with or in relation to the erection and construction of any building or buildings upon the same premises.

P.C.M. also executed a written waiver of liens with Gwynedd. Four months prior to the execution of P.C.M.'s contract with appellant, P.C.M. properly filed the waiver pursuant to 49 P.S. § 1402. Under Pennsylvania law, the written waiver between the owner and contractor, if properly filed, is binding as against a subcontractor. The P.C.M./Gwynedd contract was also incorporated into the contract between P.C.M. and appellant.

Appellant argued in the trial court, as he does on appeal, that the contractual waiver of his right to file a mechanics' lien was not binding on him because appellees allegedly failed to adhere to their contractual obligations under the agreement between appellant and appellees, thus releasing him from any obligations that he had. The trial court disagreed with that contention, as do we.

The courts of this Commonwealth have held that where a contractor executes a valid waiver of its right to file a mechanics' lien, the validity of the waiver is not affected by the owner's breach of contract, as long as the contractor's promise is separate from and independent of the owner's promise.

In *Long v. Caffrey,* 93 Pa. 526 (1880), our Supreme Court enforced a waiver of liens provision contained in a written agreement between plaitniff and defendant despite defendant's breach of contract. According to the terms of the agreement, plaintiff promised to build a house for defendant, and defendant promised to make installment payments to plaintiff. The agreement also required that defendant insure the house upon completion and assign the policy to plaintiff as collateral security for the final installment payment. Notwithstanding the waiver of liens provision, plaintiff filed a mechanics' lien when defendant failed both to pay him completely and to insure the house. Plaintiff argued that defendant's promise both to pay and to insure the building and plaintiff's promise not to file any liens were dependent covenants and that upon defendant's default the plaintiff could file a lien despite the waiver. The supreme court rejected the argument and enforced the waiver of liens provision, finding that "[t]he different parts of the contract are separate and independent covenants," *id.* at 528.

In *S.G. Purvis & Co. v. Assigned Estate of Agnes T. Brumbaugh,* 8 Pa.Super. 292 (1898), this Court found *Long, supra,* dispositive when it enforced a waiver of liens provision against *appellant-subcontractor even though the building owner had failed* to make complete payment to

appellant. The court rejected appellant's argument that the waiver of liens provision was dependent upon the owner's performance of his promise to pay. *See also Formigli Corporation v. Fox,* 348 F.Supp. 629, 644 (E.D.Pa.1972) (court found that the validity of a waiver provision was not affected by the owner's breach of contract in failing to make complete payment to subcontractor).

In the case now before us, the appellant-subcontractor executed a valid waiver of liens provision.[2] The contract also provided that appellant would be paid "(a) 90% of the value of the work performed monthly within five (5) days of receipt by CONTRACTOR of payment therefor from the Owner, and (b) final payment within five (5) days after the work has been entirely completed, has been accepted by the Owner, and final payment therefor has been received by CONTRACTOR." (Subcontract, para. 3) Applying the rules from both *Long* and *Brumbaugh's Estate,* it would appear that the waiver of liens provision is enforceable notwithstanding any possible default by the owners in paying appellant. However, we must keep in mind that "[i]n determining whether promises are dependent or independent, the intention of the parties prevails, which intention is to be discovered ... from the nature of the transaction and objects of the parties evidenced by their contract." 8 P.L.E. § 170 (1971) (footnotes omitted). We must examine the particular agreement between the parties in this case. The subcontract consisted of 21 pre-printed, separate paragraphs outlining the duties of the parties. There is no indication that the parties intended the waiver of liens provision to be dependent upon the payment provision. Moreover, keeping in mind the nature of the transaction, to permit appellant to file a lien now would defeat the purpose of the waiver provision. We agree with the trial court's reasoning that "[t]o allow a subcontractor to escape a waiver and subsequently file a lien against property against which he had previously agreed not to, simply because of one contractor's breach, would do an injustice to those other

2. Appellant does not contest the validity of the waiver.

than the contractor who have relied on the waiver." Trial Court Opinion at 7.[3]

Accordingly, we affirm the trial court's order sustaining preliminary objections to appellant's mechanics' lien claim and complaint in action upon that lien.

---

**3.** We note that the trial court states that appellant has filed a separate suit against P.C.M. and Gwynedd for breach of contract and unjust enrichment. According to the trial court, this suit is currently pending in the Montgomery County Court of Common Pleas docketed at Civil Action No. 85–09560. *See* Trial Court Opinion at 6 n. 4.