533 A.2d 1303

**Carolyn M. MAKOVI**

v.

**The SHERWIN–WILLIAMS COMPANY.**

**No. 119, Sept. Term, 1987.**

Court of Appeals of Maryland.

Dec. 9, 1987.

Benjamin Lipsitz, Baltimore, for appellant.

Barry Bach and Mykel Hitselberger and Somerville & Case, Baltimore, for appellee.

Submitted to MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

ELDRIDGE, Judge.

Carolyn M. Makovi instituted this action by filing in the Circuit Court for Baltimore City a complaint alleging that the defendant Sherwin-Williams Company wrongfully discharged her from employment. The defendant filed a motion to dismiss, presenting with the motion certain matters outside of the pleadings. The circuit court, pursuant to the last sentence of Maryland Rule 2–332(c), treated the motion as one for summary judgment and on January 14, 1987, signed an order granting the motion.[1] The court's order, however, also gave the plaintiff thirty days within which to file an amended complaint.[2]

---

**1.** The final sentence of Rule 2–322(c) reads as follows:

"If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 2–501, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 2–501."

**2.** The January 14, 1987, order provides as follows:

"ORDER

."The matter having come on for hearing and the issues having been considered by the Court, it is this 14 day of January, 1987, ORDERED:

"1. The defendant, The Sherwin Williams Company, having presented matters outside of the pleadings, the motion to dismiss on behalf of the defendant shall be treated as one for summary judgment, pursuant to Rule 2–332;

The plaintiff chose not to file an amended complaint, and on February 13, 1987, the thirtieth day after the circuit court's ruling, the plaintiff filed an order of appeal to the Court of Special Appeals. Next, on February 26, 1987, the defendant filed in the circuit court a motion "for an order dismissing the action." The circuit court on March 5, 1987, filed a written order granting "a final summary judgment in favor of" the defendant, and the March 5th order was appropriately entered on the docket.[3] The plaintiff filed another order of appeal to the Court of Special Appeals on March 18, 1987.

The Court of Special Appeals, *sua sponte* on May 25, 1987, ordered that the appeal be dismissed on the ground that there had been no entry of a final judgment. The appellate court viewed the circuit court's January 14th order as nonfinal and the February 13th order of appeal as premature. The Court of Special Appeals went on to treat the later entry of "final summary judgment" and the second order of appeal as being "of no effect because the prior premature appeal had not been dismissed."[4]

---

"2. For the reasons set forth in the motion to dismiss and memorandum of points and authorities in support thereof on behalf of the defendant, the motion for summary judgment is hereby GRANTED, and

"3. The plaintiff is granted thirty (30) days leave in which to file an amended complaint."

The docket entry for January 14th embodies the provisions of the order.

**3.** The circuit court's order of March 5, 1987, states:

"ORDER

"Upon the Motion of The Sherwin–Williams Company, defendant, for an order dismissing the action, it is this 5 day of March, 1987, ORDERED:

"That a final summary judgment in favor of The Sherwin–Williams Company be and hereby is GRANTED."

**4.** The Court of Special Appeals' order states as follows:

"ORDER

"It appearing from the record that an appeal was taken to this Court on February 13, 1987, from an Order of the Circuit Court for Baltimore City (Ward, J.) dated January 14, 1987, wherein the Court ordered that defendant's Motion for Summary Judgment be grant-

The plaintiff then filed in this Court a petition for a writ of certiorari, which we have granted. We shall vacate the Court of Special Appeals' dismissal and remand the case for consideration of the merits of the appeal.

■ If the circuit court's order of January 14, 1987, had not contained the provision for leave to file an amended complaint within thirty days, the January 14th order would have been final and appealable. *Doehring v. Wagner*, 311 Md. 272, 533 A.2d 1300 (1987), filed today; *Walbert v. Walbert*, 310 Md. 657, 661, 531 A.2d 291 (1987); *Houghton v. County Com'rs of Kent Co.*, 307 Md. 216, 221–224, 513 A.2d 291 (1986), and cases there cited. Nevertheless, the express provision for amendment shows that the January 14th order granting summary judgment was not intended finally to dispose of the case; thus the order was not final and appealable. *See Doehring v. Wagner, supra*, 311 Md. at 274, 533 A.2d at 1301; *Walbert v. Walbert, supra*, 310 Md. at 661, 531 A.2d 291; *Dawson's Charter Serv. v. Chin*, 68 Md.App. 433, 437–438, 511 A.2d 1138 (1986). *See*, in addition, Maryland Rule 2–322(c) (relating to leave to amend in orders dismissing a complaint for failure to state a claim); *Houghton v. County Comm'rs of Kent Co.*, 305 Md. 407, 412 n. 2, 504 A.2d 1145 (1986); *Griffin v. St. Mary's College*, 258 Md. 276, 279, 265 A.2d 757 (1970), and cases

---

ed; and it further appearing that the Court granted defendant's Motion for Final Summary Judgment on February 27, 1987, [sic March 5, 1987,] after the appeal to this Court was entered; and it further appearing that a second appeal was taken to this Court on March 18, 1987, but was of no effect because the prior premature appeal had not been dismissed,

"It appearing therefore that there has been no entry of a final judgment from which an appeal to this Court would lie,

"It is, therefore, this 25th day of May, 1987, by the Court of Special Appeals, on its own motion,

"ORDERED that the captioned appeal be, and it is hereby, dismissed as not allowed by law. Maryland Rule 1035.b.1. See Md. Code, Courts and Judicial Proceedings, Section 12–301, and *Felger v. Nichols*, 30 Md.App. 278 [352 A.2d 330]."

there cited.[5] *See also Jung v. K.D. Mining Co.,* 356 U.S. 335, 78 S.Ct. 764, 2 L.Ed.2d 806 (1958); *Richards v. Dunne,* 325 F.2d 155, 156 (1st Cir.1963). Consequently, the February 13th order of appeal was premature.

■    Final judgment was entered in this case on March 5, 1987, however, and a second order of appeal was timely filed on March 18, 1987. As previously discussed, the Court of Special Appeals took the position that the February 13th premature order of appeal had divested the trial court of authority to enter final judgment. This view had previously been adopted by the Court of Special Appeals in *Staggs v. Blue Cross of Maryland,* 57 Md.App. 576, 471 A.2d 326 (1984). In that case, the Court of Special Appeals held that, when an appeal is noted from a nonappealable order, the Court of Special Appeals "obtain[s] and retain[s] jurisdiction until such time as we dismiss the appeal, our mandate is issued, or the Court of Appeals grants certiorari" and that, until the appeal is dismissed or decided, "all actions taken by the circuit court after [the premature appeal] are null and void." *Staggs v. Blue Cross of Maryland, supra,* 57 Md.App. at 578, 471 A.2d 326. *But cf., Dawson's Charter Serv. v. Chin, supra,* 68 Md.App. at 438–439, 511 A.2d 1138; *Breuer v. Flynn,* 64 Md.App. 409, 416–419, 496 A.2d 695 (1985).

The position taken by the Court of Special Appeals in *Staggs v. Blue Cross of Maryland, supra,* and in the present case, is erroneous. Our cases have repeatedly pointed out that, when an order of appeal is filed before

---

5.  We note that Maryland Rule 2–501, relating to summary judgment, makes no provision for leave to amend a complaint in an order granting summary judgment. Such provision would seem to be somewhat illogical in a summary judgment order as distinguished from an order dismissing a complaint for failure to state a claim. Nonetheless, whether the amendment provision was logical or not in the case at bar, it demonstrated that the January 14, 1987, order was not intended to be a final judgment.

there is an appealable judgment, "the order of appeal is of no force and effect." *Blucher v. Ekstrom*, 309 Md. 458, 463, 524 A.2d 1235 (1987); *Parkington Apartments v. Cordish*, 296 Md. 143, 146, 460 A.2d 52 (1983); *Merlands Club v. Messall*, 238 Md. 359, 362–363, 208 A.2d 687 (1965). A "premature ... order of appeal would ... not confer appellate jurisdiction," *Md.–Nat'l Cap. P. & P. Comm'n v. Crawford*, 307 Md. 1, 38 n. 17, 511 A.2d 1079 (1986).

As a premature order of appeal is of no force and effect, and confers no jurisdiction on the appellate court, it obviously does not divest the trial court of jurisdiction to enter final judgment in the case.[6] *See, e.g., Stewart v. State*, 282 Md. 557, 573, 386 A.2d 1206 (1978) (the "general rule" concerning the effect of a proper order of appeal upon the propriety of a trial court's proceeding "does not divest the trial court of jurisdiction to proceed ... upon the filing of an order for appeal from a nonappealable ... order"); *Smiley v. Atkinson*, 12 Md.App. 543, 549–550, 280 A.2d 277 (1971), *aff'd*, 265 Md. 129, 287 A.2d 770 (1972); *Raimondi v. State*, 8 Md.App. 468, 475–476, 261 A.2d 40, *cert. denied*, 256 Md. 747 (1970).

In sum, the filing of the premature order of appeal in this case had no effect upon the authority of the trial court to enter final judgment on March 5, 1987. *Staggs v. Blue Cross of Maryland, supra*, 57 Md.App. 576, 471 A.2d 326, adopting a contrary position, is overruled. Since the petitioner in the present case filed a timely order of appeal from the final judgment entered on March 5th, the Court of Special Appeals should decide the merits of the appeal.

---

**6.** Even when an appeal is taken from an appealable trial court interlocutory order, and thus when the appeal is not premature, the trial court is not divested of fundamental jurisdiction to proceed. *Pulley v. State*, 287 Md. 406, 414–419, 412 A.2d 1244 (1980). It is noteworthy that *Pulley*, 287 Md. at 416–417 n. 2, 412 A.2d 1244, overruled *Bullock v. Director*, 231 Md. 629, 190 A.2d 789 (1963), a case relied on by the Court of Special Appeals in *Staggs v. Blue Cross of Maryland*, 57 Md.App. 576, 578, 471 A.2d 326 (1984).

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED, AND CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.  COSTS TO ABIDE FINAL RESULT OF APPEAL.