620 A.2d 323

**John P. MOORE, Jr. et al.**

**v.**

**Albert M. POMORY, Jr. et al.**

**No. 1, Sept. Term, 1993.**

Court of Appeals of Maryland.

March 8, 1993.

Glen M. Fallin, Ellicott City, for petitioners.

George E. Golomb, Baltimore, for respondents.

Submitted to: MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

ELDRIDGE, Judge.

The petitioners filed in the Circuit Court for Baltimore City, on January 31, 1991, a complaint against the respondents, seeking damages based on alleged defamation and tortious interference with economic relations. Thereafter

the defendants-respondents filed a motion to dismiss for failure to state a claim upon which relief could be granted. *See* Maryland Rule 2–322(b)(2).

On May 6, 1991, Judge John Carroll Byrnes of the Circuit Court for Baltimore City signed an order reciting that the allegations of the complaint, if true, would not entitle the plaintiffs to relief., The order went on to indicate that the motion to dismiss was granted, and the order concluded by dismissing the complaint "without prejudice." The docket entry for May 6, 1991, stated that the defendants' motion to dismiss was "granted without prejudice." Two days later, May 8, 1991, a judgment for the defendants for costs was entered on the docket. On June 4, 1991, the plaintiffs filed a notice of appeal to the Court of Special Appeals.

The defendants filed in the Court of Special Appeals a motion to dismiss the appeal on the ground that the circuit court's order of May 6, 1991, was not a final judgment and thus was not appealable. The Court of Special Appeals, in an unreported opinion, filed on August 18, 1992, agreed with the defendants and dismissed the appeal. The intermediate appellate court held that a dismissal of an entire action "without prejudice" was the same as a dismissal "allow[ing] leave to amend," and, as such, "it was interlocutory and not an appealable final judgment." The Court of Special Appeals cited two cases which held that an order sustaining a demurrer to a plaintiff's initial pleading, with leave to amend, was not a final appealable judgment. *Griffin v. St. Mary's College*, 258 Md. 276, 265 A.2d 757 (1970) (sustaining a demurrer to a petition for a writ of mandamus with leave to amend); *Porter v. Bingham*, 257 Md. 213, 262 A.2d 498 (1970) (sustaining a demurrer to a declaration with leave to amend).

The plaintiffs then filed in this Court a petition for a writ of certiorari, presenting six questions. The first question relates to the Court of Special Appeals' dismissal of the appeal, and the other five questions concern the merits of the appeal. The defendants have answered the petition, reiterating their argument that a dismissal of a complaint

"without prejudice" is the same as a dismissal "with leave to amend," and that, therefore, a dismissal without prejudice is not an appealable final judgment.

This Court has granted the certiorari petition, limited to the first question. We shall summarily reverse the judgment of the Court of Special Appeals and remand the case to that court for consideration of the merits of the appeal.

■ It is clear, as stated by the Court of Special Appeals, that an order which dismisses a complaint, but which expressly provides leave to amend the complaint or to file an amended complaint, is not a final judgment and therefore is not appealable under Maryland Code (1974, 1989 Repl.Vol.), § 12–301 of the Courts and Judicial Proceedings Article. *See National Glass, Inc. v. J.C. Penney Properties, Inc.,* 329 Md. 300, 304–05, 619 A.2d 528, 530 (1993); *Makovi v. Sherwin–Williams Co.,* 311 Md. 278, 281–282, 533 A.2d 1303, 1305 (1987); *Houghton v. County Comm'rs of Kent Co.,* 305 Md. 407, 412 n. 2, 504 A.2d 1145, 1148 n. 2 (1986); Maryland Rule 2–322(c). *See also, e.g., Central Collection v. Columbia Medical,* 300 Md. 318, 323, 478 A.2d 303, 305 (1984); *Griffin v. St. Mary's College, supra,* 258 Md. at 279, 265 A.2d at 759; *Porter v. Bingham, supra,* 257 Md. at 215, 262 A.2d at 499.

■ The rationale for this principle is that "the express provision for amendment shows that the … order … was not intended finally to dispose of the case...." *Makovi v. Sherwin–Williams Co., supra,* 311 Md. at 281, 533 A.2d at 1305. Where leave to amend is expressly granted in an order, the case remains pending in the trial court, whether or not an amended complaint is filed, until another order is entered disposing of the case.

■ On the other hand, an order dismissing or granting a motion to dismiss a plaintiff's entire complaint, without granting leave to amend, and where there are no counterclaims, cross-claims or third-party claims, puts the plaintiff out of court and terminates the particular action in the trial court. *Houghton v. County Com'rs of Kent Co.,* 307 Md.

216, 221–224, 513 A.2d 291, 293–295 (1986), and cases there cited. This is true regardless of whether the dismissal was with prejudice or was without prejudice. *See, e.g., Gross v. Stone,* 173 Md. 653, 657, 197 A. 137, 138 (1938).

■ Contrary to the view of the Court of Special Appeals, a dismissal of the plaintiff's entire complaint "without prejudice" does not mean that the case is still pending in the trial court and that the plaintiff may amend his complaint or file an amended complaint in the same action. Rather, the case is fully terminated in the trial court. *Williams v. Snyder, Adm'r,* 221 Md. 262, 266–267, 155 A.2d 904, 906–907 (1959). The effect of the designation "without prejudice" is simply that there is no adjudication on the merits and that, therefore, a new suit on the same cause of action is not barred by principles of res judicata. *Williams v. Snyder, Adm'r, supra,* 221 Md. at 267, 155 A.2d at 907. *See also, e.g., Wooddy v. Wooddy,* 270 Md. 23, 30, 309 A.2d 754, 758 (1973); 2 Poe, *Pleading And Practice* § 362 (Tiffany ed. 1925). A new suit might be barred on other grounds, such as limitations.

The two cases cited by the Court of Special Appeals and relied on by the respondents, *Griffin v. St. Mary's College, supra,* 258 Md. 276, 265 A.2d 757, and *Porter v. Bingham, supra,* 257 Md. 213, 262 A.2d 498, do not support the view that a dismissal without prejudice is not a final appealable judgment. Neither case discussed or even mentioned a dismissal without prejudice. As previously indicated, both *Griffin* and *Porter* involved the sustaining of demurrers with leave to amend.

This Court's opinions uniformly hold that a dismissal of the plaintiff's entire action, without prejudice, is a final appealable judgment. For example, in *Gross v. Stone, supra,* 173 Md. at 656–657, 197 A. at 138, the plaintiff filed a bill of complaint to set aside a deed on the ground that it was induced by fraud, and thereafter the court "dismissed the bill 'without prejudice.'" In overruling the defendant's motion to dismiss the plaintiff's appeal, this Court stated

(173 Md. at 657, 197 A. at 138): "The decree finally and completely terminated this proceeding in favor of the defendant."

In *Williams v. Snyder, Adm'r, supra,* 221 Md. at 267, 155 A.2d at 907, this Court, after pointing out that the judgment of *non pros* entered by the trial court was the equivalent of a dismissal without prejudice, held that the judgment was final, stating:

> "Thus, the judgment of *non pros* was final in that it terminated the action.... Nevertheless, the dismissal, being without prejudice, was not a final disposition of the case on the merits and did not bar another suit on the same cause of action."

*See also, e.g., Wooddy v. Wooddy, supra,* 270 Md. at 24, 309 A.2d at 755; *Crawford v. Richards,* 193 Md. 236, 243, 66 A.2d 483, 486 (1949); *Stabile v. Danini,* 132 Md. 567, 568–569, 103 A. 1048, 1049 (1918); *Price v. Moore,* 21 Md. 366, 374–375 (1864).

The order entered in this case on May 6, 1991, dismissing the entire complaint without prejudice, was a final and appealable judgment. The case will be remanded to the Court of Special Appeals for that court to consider the merits of the petitioners' appeal.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. RESPONDENTS TO PAY COSTS IN THIS COURT. COSTS IN THE COURT OF SPECIAL APPEALS TO ABIDE THE RESULT IN THAT COURT.