**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

RITA M. CHURCH,
                *Plaintiff-Appellant,*

v.

STATE OF MARYLAND; RONALD
BALDWIN, Sergeant,
                *Defendants-Appellees.*

No. 02-1179

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-00-3209-AMD)

Submitted: November 26, 2002

Decided: December 17, 2002

Before LUTTIG, WILLIAMS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Robin R. Cockey, COCKEY, BRENNAN & MALONEY, P.C., Salisbury, Maryland, for Appellant. J. Joseph Curran, Jr., Attorney General, Michele J. McDonald, Assistant Attorney General, Glenn T. Marrow, Assistant Attorney General, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Rita M. Church appeals the district court's orders awarding summary judgment to Defendants on her claims filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17 (2000), dismissing her hostile work environment claim filed pursuant to 42 U.S.C. § 1983 (2000), and dismissing her state law based claim against Defendant Baldwin.

Church first claims that the district court erred in concluding that she failed to establish a reasonable basis for imposing liability on her employer, the State of Maryland (hereinafter the "State"), for the actions of a co-worker, Ronald Baldwin. *See Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998) (establishing four-prong test for hostile work environment claims).* Typically, where harassment comes at the hands of a fellow employee with no supervisory powers over the victim, there can be no finding of vicarious liability as to the employer. *Burlington Indus. v. Ellerth*, 524 U.S. 742, 760 (1998) (noting that vicarious liability requires existence of more than co-worker employment relationship). In such a situation, the employer is liable only for its own negligence in failing to take prompt and adequate action to stop [the harassment]." *Mikels v. Durham*, 183 F.3d 323, 332 (4th Cir. 1999). We find nothing in the record to demonstrate that Baldwin was more than a co-worker. Although he possessed greater seniority than Church, there was no evidence that he possessed the decision making authority consistent with a supervisory position.

We also find that the State took prompt and adequate action to remedy Church's concerns once they were brought to the State's atten-

---

*The parties stipulated for purposes of the motion for summary judgment that Church could establish the first three prongs.

tion. Like the district court, we have difficulty accepting Church's claim that she reported the hostile work environment to the State in August 1997. Church's explanations for the multiple dates of complaint are implausible. Furthermore, her own statement to the Equal Opportunity Employment Commission ("EEOC") disavows the existence of a complaint prior to 1999. As a consequence, the district court did not err in concluding that the State was not made aware of Church's claims until September 1999 when she forwarded a copy of her EEOC complaint to the State.

Once the State was in receipt of the complaint, it acted promptly to investigate and ultimately, in October 1999, reprimanded Baldwin for his behavior, reassigning him to a location away from Church. The district court did not err in concluding that this was prompt and adequate action. Accordingly, we reject Church's claim that the district court erred in its determination that she had failed to establish a claim of hostile work environment within the context of Title VII.

Additionally, because Church's § 1983 claim was duplicative of her Title VII claims, we need not consider them further. *See Gairola v. Virginia Dep't of Gen. Servs.*, 753 F.2d 1281, 1285 (4th Cir. 1985) (finding that elements of prima facie case are same under Title VII and § 1983).

Finally, Church claims that the district court erred in concluding that the principles of res judicata barred her state law based claim against Baldwin. The basis for the district court's application of res judicata was that an action alleging the same claims Church had brought against Baldwin in state court had been dismissed with prejudice when Church failed to appear for trial. Under the doctrine of res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000). The Full Faith and Credit Act, 28 U.S.C. § 1738 (2000), requires a federal court to apply state res judicata law in determining the preclusive effect of a state court judgment. *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 129 (4th Cir. 2000).

Under Maryland law, a dismissal with prejudice qualifies as an adjudication on the merits. *See Moore v. Pomory*, 620 A.2d 323, 325

(Md. 1993). Church concedes that her state action against Baldwin was dismissed with prejudice. Accordingly, the district court did not err in dismissing this claim.

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*