James R. Gillespie

*v.*

E. M. "Pete" Johnson, *etc.*

(No. 13277)

Decided June 25, 1974.

Dissenting Opinion July 29, 1974.

*DiTrapano, Mitchell, Lawson & Field, Rudolph L. Di-Trapano* for appellant.

*Steptoe & Johnson, Edward W. Eardley* for appellee.

BERRY, JUSTICE:

The appellant, James R. Gillespie, hereinafter referred to as appellant, appeals from a final judgment of the Circuit Court of Kanawha County entered on November 11, 1971 wherein the court granted the motion of the defendant and appellee on appeal, E. M. "Pete" Johnson, Sheriff of Kanawha County and duly appointed administrator of the estate of William C. Meadows, deceased, for summary judgment pursuant to Rule 56 (c) of the West Virginia Rules of Civil Procedure. The appellant contends that the circuit court erroneously interpreted the provisions of Code, 55-2-18, which, under certain circumstances, allows for an extension of time for filing a new action after the abatement or dismissal of a prior action commenced within due time. This Court granted the appeal on November 20, 1972 and the case was set for hearing on December 20, 1973, but was continued until the April Special Docket, 1974 at which time it was submitted for decision on May 21, 1974 upon the briefs and oral arguments on behalf of the respective parties.

On October 10, 1967 the appellant and appellee's decedent, William C. Meadows, were involved in an automobile accident. On September 25, 1969 the appellant filed an action in the Common Pleas Court of Kanawha County against William C. Meadows for personal injuries which the appellant suffered as a result of the accident. However, William C. Meadows had died on February 16, 1968 and the return of the sheriff, dated September 25, 1969, stated: "Not found within my bailiwick as to the within named William C. Meadows Deceased 1967." Thereafter, on October 29, 1969 counsel for appellant had the Sheriff of Kanawha County qualify as the administrator of Meadows' estate. On April 23, 1970 an amended complaint was filed substituting the Sheriff of Kanawha County as the defendant in his representative capacity as administrator of the decedent's estate. On May 5, 1970 the appellee filed a motion to dismiss contending that the original action was a nullity since Meadows had died before the complaint was filed and thus the filing of the original complaint on September 25, 1969 did not toll the two year statute of limitations which ran on October 10, 1969. On March 15, 1971 the Common Pleas Court entered an order dismissing the appellant's action on the grounds that it was barred by the statute of limitations.

On March 23, 1971 the appellant filed a new action in the Circuit Court of Kanawha County against the appellee, E. M. "Pete" Johnson, Sheriff of Kanawha County and duly appointed administrator of the estate of William C. Meadows. The appellee filed a motion for summary judgment on the grounds that the statute of limitations had run, and further, that the doctrine of res judicata was applicable in light of the decision of the Common Pleas Court of Kanawha County. The Circuit Court granted summary judgment stating in its letter opinion that the court felt both of appellee's arguments were valid.

The appellant contends that the saving provisions of Code, 55-2-18, allowed the appellant one year from the

date of the dismissal of his original action to bring a new action regardless of whether the statute of limitations had run. Code, 55-2-18, reads:

> "If any action or suit commenced within due time, in the name of or against one or more plaintiffs or defendants, abate as to one of them by the return of no inhabitant, or by his or her death or marriage, or if, in an action or suit commenced within due time, judgment or decree (or other and further proceedings) for the plaintiffs should be arrested or reversed on a ground which does not preclude a new action or suit for the same cause, or if there be occasion to bring a new action or suit by reason of such cause having been dismissed for want of security for costs, or by reason of any other cause which could not be plead in bar of an action or suit, or of the loss or destruction of any of the papers or records in a former action or suit which was in due time; in every such case, notwithstanding the expiration of the time within which a new action or suit must otherwise have been brought, the same may be brought within one year after such abatement, dismissal or other cause, or after such arrest or reversal of judgment or decree, or such loss or destruction, but not after."

It is the contention of the appellee that this statute is not applicable to this case because the action was originally brought against William C. Meadows who was dead at the time the action was commenced, and the statute in question applies only to cases where a party dies after the commencement of an action. The case of *O'Lear v. Strucker,* 58 Del. 358, 209 A.2d 755, is cited to support his contention and appears to be authority for such contention. The same reasoning has been applied in Federal Courts under Rule 25 (a) (1), Federal Rules of Civil Procedure. See *Chorney v. Callahan,* 135 F. Supp. 35; *Moul v. Pace,* 261 F. Supp. 616. However, the majority of the Court does not agree with this contention and the disposition of the case is made on another ground.

The plaintiff instituted the original action on September 25, 1969, about two weeks before the statute of

limitations of two years would have run. The sheriff's return was made on the same day showing that the defendant was dead. Over six months later, after the statute of limitations had run, an amended complaint was filed on April 23, 1970 substituting the then sheriff of Kanawha County, administrator of the estate of William C. Meadows, as the defendant. The sheriff had qualified as administrator on October 29, 1969, after the running of the statute of limitations. A motion was made by the appellee on May 5, 1970 to dismiss the action because it was barred by the statute of limitations. The Common Pleas Court of Kanawha County wrote a letter opinion, which is made a part of the record, sustaining the defendant's motion to dismiss on the grounds that the action was barred by the statute of limitations. On March 15, 1971 an order was entered in the Common Pleas Court dismissing the action, and on March 23, 1971 another action was brought in the Circuit Court of Kanawha County for the same cause of action, with the same parties as shown on the amended complaint filed in the Common Pleas Court. Motion was made by the defendant for summary judgment in the Circuit Court of Kanawha County, which was granted by the Circuit Court on November 11, 1971 and the action was properly dismissed with prejudice to the plaintiff. See 8 M.J., *Former Adjudication or Res Judicata,* § 2.

After the amended complaint was filed in the Common Pleas Court of Kanawha County the appellant apparently did not oppose the motion to dismiss made by the appellee and filed no brief in opposition to said motion and a statement was contained in the appellant's reply brief that the appellant agreed with the decision in the Common Pleas Court, although contending that the second suit was filed within one year from an involuntary dismissal and that it was governed by the provisions of Code, 55-2-18. In any event, if the dismissal in the Common Pleas Court was a voluntary dismissal, Code, 55-2-18 is not applicable. *Henthorn v. Collins,* 146 W.Va. 108, 118 S.E.2d 358.

It is not contested that an action instituted against a dead man is a nullity. *Burket v. Aldridge,* 241 Md. 423, 216 A.2d 910. The amended complaint was filed against the personal representative after the running of the statute of limitations. The dismissal by the Common Pleas Court on the grounds that it was barred by the statute of limitations, which was properly pleaded, was a final judgment on the merits, was not appealed and is, therefore, res judicata. 6 J. MOORE, FEDERAL PRACTICE § 56.03, at 2051 (2d ed. 1953). The dismissal by the Common Pleas Court operated as an adjudication on the merits. See *Nellas v. Loucas,* 156 W.Va. 77, 191 S.E.2d 160, and Rule 41, R.C.P. The new action filed in the Circuit Court involved the same parties, was for the same cause of action and involved no genuine issue as to any material fact. Therefore, the summary judgment on the grounds of res judicata entered by the Circuit Court of Kanawha County was a proper disposition of this case under the provisions of Rule 56(c), R.C.P.; 50 C.J.S. *Res Judicata* § 592.

The question of res judicata involved in the case at bar is clearly stated by this Court in points 1 and 2 of the syllabus of the case of *Burner v. Hevener,* 34 W.Va. 774, 12 S.E. 861, wherein it is stated:

"1. A final adjudication of a court of competent jurisdiction upon the merits of a controversy, so long as it remains unreversed, is a bar to any new suit for the same cause of action between the same parties.

"2. If the matter in question has been fully tried upon an issue made up on a rule or motion, and the judgment of the court is so far final that an appeal would lie, then, so long as such judgment remains unreversed on review, rehearing, appeal or otherwise, no new suit can be prosecuted between the same parties to reopen the same question."

For the reasons enunciated herein, the judgment of the Circuit Court of Kanawha County is affirmed.

*Judgment affirmed.*

SPROUSE, JUSTICE, dissenting:

I respectfully dissent from the decision expressed in the majority opinion. I do not agree that the dismissal by the common pleas court barred future actions under Code, 55-2-18, by virtue of the doctrine of res judicata. It is true that normally a dismissal based on the running of the statute of limitation is a final judgment on the merits and res judicata. In the instant case, however, the basic ruling of the common pleas court was that Code, 55-2-18, did not apply. This could only have been on the grounds that the initial action was a nullity because commenced against a deceased defendant. That did not reach the merits of the case and could not be res judicata. Since the dismissal did not reach the merits of the case, it could not have been pled in bar of an action or suit. Code, 55-2-18, provides in part that an action may be commenced within one year after the running of the otherwise applicable statute of limitations when it has been dismissed "by reason of any other cause which could not be plead in bar of an action or suit."