906 A.2d 1042

**NORTH AMERICAN SPECIALTY INSURANCE COMPANY**

v.

**BOSTON MEDICAL GROUP.**

No. 2689, Sept. Term, 2004.

Court of Special Appeals of Maryland.

Sept. 8, 2006.

James R. Anderson (Steven R. Freeman, on brief), Towson, for appellant.

Howard G. Goldberg (Robin G. Banks, on brief), Baltimore, for appellee.

Panel HOLLANDER, EYLER, DEBORAH S., WOODWARD, JJ.

WOODWARD, J.

This appeal arises from a decision of the Circuit Court for Anne Arundel County granting the motion of appellee, Boston Medical Group ("Boston Medical"), to dismiss the complaint of appellant, North American Specialty Insurance Company ("North American"), on the grounds that the dismissal of a previously filed action between the parties on statute of limitations grounds operated as a bar to the current action under the doctrine of *res judicata*.  On appeal, North American presents one issue for our review, which we have rephrased, as follows:

Does a dismissal by the circuit court of a complaint because it is barred by the applicable statute of limitations constitute a final judgment on the merits, such that a later filed action between the same parties on the same claim is barred under the doctrine of *res judicata?*

Finding no error, we affirm the circuit court's judgment.

## BACKGROUND

### The First Case

On May 20, 2004, North American filed a complaint against Boston Medical in the Circuit Court for Anne Arundel County, seeking to recover unpaid deductibles allegedly owed by Boston Medical pursuant to a general liability insurance policy. Boston Medical is a corporation that imports and distributes medical gloves. North American is the claims administrator for Commercial Underwriters Insurance, which issued a products liability policy to Boston Medical to protect Boston Medical from claims arising out of any adverse effect from the use of latex gloves. The policy contained a $25,000.00 deductible per claim for any settlement or judgment, as well as all legal and investigative fees and costs.

During the effective period of the policy, five claims were made against Boston Medical, commencing in 1997. All five claims were eventually settled or otherwise resolved, and by letter dated June 27, 2003, North American requested reimbursement from Boston Medical for the deductible portion of each claim.[1] The total amount of the deductibles sought by North American was $56,103.74.

In its complaint, North American alleged, *inter alia:*

---

1. The letter contained a breakdown of the indemnity and/or expense payment, as well as the deductible amount, for each claim:

| Claimant | Indemnity | Expense | Deductible |
|----------|-----------|---------|------------|
| [A] | $30,000.00 | $101,245.12 | $25,000.00 |
| [B] | $ 5,000.00 | $ 5,094.53 | $10,094.53 |

11. That the debt owed to [North American] by [Boston Medical] became due on December 25, 1997. Therefore, [North American] is claiming pre-[j]udgment interest at the legal rate of 6% from the date due of December 25, 1997 thru [the] date of filing, March 30, 2004[,][sic] pursuant to Art[.] 3 § 57 of *Constitution of Maryland Annotated Code of Maryland* 1981 Replacement Volume and Supplements for a total of 2,287 days at $9.60 per diem for a total of **$21,955.20.**

North American also included in its complaint a Motion for Summary Judgment and attached an affidavit in support thereof. The affidavit, executed by a representative of North American with "personal knowledge of the facts stated herein," verified the allegations in the complaint, and expressly swore that $56,103.74 was "justly due and owing," "plus pre-[j]udgment int[erest] at the rate of 6% per annum per M[aryland] Const[itution] or $21,955.20."

On June 16, 2004, Boston Medical filed a Motion to Dismiss the complaint. Boston Medical asserted that, because "[North American] claims that the debt to [North American] from [Boston Medical] became due in 1997[,]" and "the statute of limitations for th[e] claim ran in 2000[,]" "[Boston Medical] has no current liability to [North American]." North American did not file an opposition to the motion or an amended complaint.

On July 13, 2004, the circuit court issued an order granting Boston Medical's Motion to Dismiss, but without granting North American leave to amend. The court stated in the order that its ruling was based upon consideration of Boston Medical's motion and a "lack of any opposition thereto." Thereafter, North American filed a Motion for Reconsidera-

| Claimant | Indemnity | Expense | Deductible |
|----------|-----------|---------|------------|
| [C] | $ 7,500.00 | $ 5,711.38 | $13,211.38 |
| [D] | | $ 3,357.61 | $ 3,357.61 |
| [E] | | $ 4,440.22 | $ 4,440.22 |

*Total Deductible Owed:* $56,103.74

tion, wherein it argued that the case should not have been dismissed because the statute of limitations had not run.[2] North American did not request that the court, in the alternative, grant it leave to amend its complaint. On July 29, 2004, the circuit court denied North American's Motion for Reconsideration. North American did not appeal the dismissal of its complaint or the denial of its Motion for Reconsideration.

### *The Instant Case*

On September 10, 2004, North American filed the instant case against Boston Medical in the Circuit Court for Anne Arundel County. In its complaint, North American alleged the same cause of action, based on the same insurance policy, the same five claims, and the same amount of money due and owing ($56,103.74), as it asserted in the first case. However, in the instant case, North American alleged that it "continued to pay claims on behalf of [Boston Medical] and paid its employees who suffered a loss in December, 1997[,] as late as August 30, 2002[.]" North American further averred that the "[d]eductibles that [North American] seeks to recover arise from payments made as late as August 30, 2002."[3] North American alleged, however, as it did in the first complaint,

---

**2.** The record is unclear as to the exact argument(s) made by North American regarding its position that the complaint was not time-barred. Included in the record before us is North American's Motion for Reconsideration, wherein North American asserted that there was documentation attached to the motion to show that the applicable limitations period had not run. However, that supporting documentation was not submitted as part of the record in the instant appeal.

**3.** North American attached to the complaint copies of three checks that it allegedly paid under the policy insuring Boston Medical. Each check is dated August 30, 2002, and appears to relate to a separate claim. The first check, in the amount of $7,125.00, refers to Claimant B and is a part of a total payment on that claim of $10,094.53. The second check, in the amount of $375.00, does not identify clearly the claim to which it relates. The last check, in the amount of $28,500.00, refers to Claimant A and is part of a total payment on that claim of $101,245.12. These checks do not establish that the amount claimed in the instant action arose within the limitations period. Moreover, it is not clear whether the third check even forms the basis for the claimed deductible for Claimant A.

"[t]hat the debt owed to [North American] by [Boston Medical] became due on December 25, 1997," and that it was entitled to pre-judgment interest from "the date due of December 25, 1997" until the date of filing of the instant case, in the amount of $23,443.20.

Thereafter, on October 6, 2004, Boston Medical filed a Motion to Dismiss the complaint. In its motion, Boston Medical asserted that the dismissal of the first case on statute of limitations grounds precluded North American's claim in the instant case under the doctrine of *res judicata*. North American opposed the motion, arguing (1) that *res judicata* did not bar the instant action, because a dismissal based on statute of limitations was not an adjudication on the merits, and (2) that dismissal of the first case was "without prejudice."

On January 6, 2005, the circuit court held a hearing on Boston Medical's Motion to Dismiss. After listening to arguments from both sides, the circuit court ruled from the bench that North American's claim in the instant case was barred by the doctrine of *res judicata*. The court stated:

It's an interesting issue. I am going to grant the motion to dismiss. I believe there was a final determination on the merits. The Court of Appeals may tell me I'm wrong, since it doesn't look like we have a case right on point here. But I believe that otherwise we could continue to have suit after suit after suit filed. And it is the same cause of action. The parties are identical. The same figures are in the complaint. And it's for a breach of contract.

And so I am going to grant the motion.

Thereafter, North American noted a timely appeal.

### DISCUSSION

### I.

### Standard of Review

The Court of Appeals has explained that, pursuant to Maryland Rule 2–322(b)(2),

a defendant may, in a civil suit in a circuit court, seek dismissal of a case through preliminary motion when the complaint fails "to state a claim upon which relief can be granted." A defendant asserts in such a motion that, despite the truth of the allegations, the plaintiff is barred from recovery as a matter of law. In ruling on such a motion, the court must assume the truth of all well-pled facts in the complaint as well as the reasonable inferences that may be drawn from those relevant and material facts.

*Porterfield v. Mascari II, Inc.,* 374 Md. 402, 413–14, 823 A.2d 590 (2003) (citations omitted). "When moving to dismiss, a defendant is arguing that even if the pleaded facts are true, the plaintiff is not entitled to recover under the law. There should be no need to refer to matters that are not in the complaint." *Hrehorovich v. Harbor Hosp. Ctr., Inc.,* 93 Md. App. 772, 784, 614 A.2d 1021 (1992).

The final sentence of Maryland Rule 2–322(c) provides, however:

If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 2–501, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 2–501.

In other words, when the court considers matters outside the complaint in ruling on a motion to dismiss, the motion to dismiss shall be treated as one for summary judgment. *See Hrehorovich,* 93 Md.App. at 782, 614 A.2d 1021 (explaining that when the moving party refers to matters outside the complaint, Rule 2–322(c) gives the circuit court the discretion to consider such matters and dispose of the motion to dismiss as one for summary judgment). This result occurs even though (1) the motion is styled as a "motion to dismiss," as opposed to a "motion to dismiss, or in the alternative, for summary judgment," *see id.* at 784, 614 A.2d 1021, or (2) the court's ruling is designated as granting a motion to dismiss, *see Haselrig v. Public Storage, Inc.,* 86 Md.App. 116, 118 n. 1,

585 A.2d 294 (1991) (stating that, despite the language of the court's order dismissing plaintiff's complaint, the ruling was on the motion for summary judgment, not the motion to dismiss).

In the case *sub judice,* Boston Medical filed a motion to dismiss based on *res judicata.* Boston Medical attached to its motion certain exhibits from the first case. The circuit court considered those exhibits in granting Boston Medical's motion. Therefore, by considering matters outside the complaint, the court converted Boston Medical's motion to dismiss into a motion for summary judgment. *See Hrehorovich,* 93 Md.App. at 782, 614 A.2d 1021. Accordingly, we will review the instant case to determine if summary judgment was appropriate.

It is well-settled that "[w]hether summary judgment was granted properly is a question of law. The standard of review is *de novo* and we are concerned with 'whether the trial court was legally correct.'" *Lightolier, A Div. of Genlyte Thomas Group, LLC v. Hoon,* 387 Md. 539, 551, 876 A.2d 100 (2005) (citation omitted). Pursuant to Maryland Rule 2–501(f),

[t]he [trial] court shall enter judgment in favor of or against the moving party if the motion and response show that there is no genuine dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law.

In doing so, the court must "view[ ] the motion and response in a light most favorable to the non-moving party." *Messing v. Bank of America, N.A.,* 373 Md. 672, 683–84, 821 A.2d 22 (2003). In the instant case, the parties do not dispute the facts. Therefore, we are primarily concerned with an issue of law—whether the circuit court correctly granted summary judgment in favor of Boston Medical on the grounds of *res judicata.*

## II.

### *Res Judicata: Adjudication on the Merits*

In *Colandrea v. Wilde Lake Community Association, Inc.,* 361 Md. 371, 392, 761 A.2d 899 (2000), the Court of Appeals summarized the doctrine of *res judicata* in Maryland, *to wit:*

Under Maryland Law, the **requirements of *res judicata* or claim preclusion are: 1) that the parties in the present litigation are the same or in privity with the parties to the earlier dispute; 2) that the claim presented in the current action is identical to the one determined in the prior adjudication; and 3) that there was a final judgment on the merits.** Therefore, a judgment between the same parties and their privies is a final bar to any other suit upon the same cause of action and is conclusive, not only as to all matters decided in the original suit, *but also as to matters that could have been litigated in the original suit. To avoid the vagaries of res judicata's preclusive effect, a party must assert all the legal theories he [or she] wishes to in his [or her] initial action, because failure to do so does not deprive the ensuing judgment of its effect as res judicata.*

(First emphasis added).

In the case *sub judice,* it is undisputed that the parties and claim in the present litigation are the same as the parties and claim in the earlier action. The only point of disagreement between the parties is whether the dismissal of North American's complaint in the first case on the grounds that it was barred by the statute of limitations was an adjudication "on the merits" for the purposes of *res judicata.* As the circuit court properly pointed out, there is no Maryland appellate case that directly addresses this issue.

In *Annapolis Urban Renewal Authority v. Interlink, Inc.,* 43 Md.App. 286, 405 A.2d 313 (1979), we endeavored to define an adjudication "on the merits" in the context of *res judicata.* In *Annapolis Urban,* a developer, Interlink, Inc. ("Interlink") entered into a contract with Annapolis Urban Renewal Authority ("AURA") to construct twenty-two residential townhouses on a parcel of land in the City of Annapolis. *See id.* at 286–87, 405 A.2d 313. A dispute arose between the parties before the project was completed, and the parties entered into an escrow agreement, with each contributing to a fund placed with an escrow agent. *See id.* at 287, 405 A.2d 313. After the project was finished, Interlink sued AURA for breach of

contract. *See id.* Neither party made any reference to the escrow agreement or fund in its pleadings. *See id.*

AURA filed a motion raising a preliminary objection under Maryland Rule 323 (now Maryland Rule 2–322) on the grounds of sovereign immunity. *See id.* The circuit court granted the motion and entered judgment for AURA. *See id.* Interlink did not appeal. *See id.*

Thereafter, AURA filed a declaratory judgment action, requesting the circuit court to declare that it was entitled to the fund held pursuant to the escrow agreement. *See id.* at 288, 405 A.2d 313. AURA also filed with its complaint a motion for summary judgment on the grounds of *res judicata*. *See id.* The motion was denied and a trial ensued, at which the breach of contract claim that had been previously dismissed was litigated. *See id.* Judgment was entered in favor of Interlink. *See id.* at 289, 405 A.2d 313. On appeal, AURA argued that, as a result of the ruling in the first case, it was entitled to prevail in the second action on *res judicata* grounds. *See id.* We agreed, and held that the dismissal of a claim on the grounds of sovereign immunity "is indeed a final judgment on the merits for the purposes of *res judicata*." *Id.* at 291, 405 A.2d 313.

This Court stated that the traditional definition of a judgment on the merits is "one which rules on 'the real or substantial grounds of action or defense as distinguished from matters of practice, procedure, jurisdiction or form.'" *Id.* at 292, 405 A.2d 313 (citation omitted). We observed, however, that much scholarly debate over the years "has centered around the effect of various types of judgments entered without a full trial. Some are to be given *res judicata* effect while others are not." *Id.* at 291, 405 A.2d 313. In other words, many judgments are deemed to be on the merits, but do not pass directly on the substance of the claim. "It is a misconception of *res judicata* to assume that the doctrine does not come into operation if a court has not passed on the 'merits' in the sense of the ultimate substantive issues of a litigation." *Id.* (citation omitted). Consequently, we articulat-

ed the following definition of adjudication on the merits for *res judicata* purposes:

> When a court dismisses an action because of jurisdictional, procedural, or venue problems, it is acting for reasons that do not go to the substance of the case. But, when a court decides that it cannot hear the case because of a legal defense such as sovereign immunity, it is deciding that, as a substantive matter, the plaintiff cannot maintain his [or her] cause of action.

*Id.* at 294, 405 A.2d 313.

## A. Procedure verses Substance

North American's first argument on appeal is that the dismissal of the first case on statute of limitations grounds was a ruling on a procedural, as opposed to a substantive, ground and, as a result, prosecution of the instant action is not barred by *res judicata.* In making this contention, North American relies on the Maryland cases of *Doughty v. Prettyman,* 219 Md. 83, 148 A.2d 438 (1959), and *Carven v. Hickman,* 135 Md.App. 645, 763 A.2d 1207 (2000), *aff'd,* 366 Md. 362, 784 A.2d 31 (2001), as well as the U.S. Supreme Court case of *Semtek International, Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). North American's reliance on these cases is misplaced. We explain.

*Doughty,* 219 Md. 83, 148 A.2d 438, and *Carven,* 135 Md. App. 645, 763 A.2d 1207, are easily distinguishable from the case *sub judice,* because they did not consider the defense of statute of limitations in the context of the doctrine of *res judicata.* *Doughty* simply restated the basic principle of conflicts of law that, in a motor vehicle tort case, substantive law questions are decided under the law of the state where the accident occurred, while "procedural matters," such as the statute of limitations, are governed by the law of the state in which the litigation is prosecuted. *See Doughty,* 219 Md. at 88, 148 A.2d 438. Similarly, *Carven* referred to a statute of limitations only to distinguish it from a statute of repose. *See Carven,* 135 Md.App. at 652, 763 A.2d 1207. We stated in *Carven* that " 'a statute of repose creates a substantive right

in those protected to be free from liability after a legislatively-determined period of time,' " while a statute of limitations is " 'a procedural device that operates as a defense to limit the remedy available from an existing cause of action.' " *Id.* (citation omitted).

The opinion of the U.S. Supreme Court in *Semtek*, 531 U.S. 497, 121 S.Ct. 1021, 149 L.Ed.2d 32, is somewhat more complicated. In *Semtek*, the plaintiff, Semtek International, Inc. ("Semtek"), brought various contract and tort claims against the defendant, Lockheed Martin Corporation ("Lockheed"), in California state court. *See id.* at 499, 121 S.Ct. 1021. The case was removed to federal court based on diversity of citizenship. *See id.* The U.S. District Court for the Central District of California then granted Lockheed's motion to dismiss on the grounds that all of Semtek's claims were barred by California's two-year statute of limitations. *See id.* The U.S. Court of Appeals for the Ninth Circuit affirmed. *See id.*

Thereafter, Semtek filed an identical lawsuit against Lockheed in the Circuit Court for Baltimore City in order to take advantage of Maryland's three-year statute of limitations. *See id.* Ultimately, the circuit court granted Lockheed's motion to dismiss because, *under federal preclusion law*, the federal court's dismissal of Semtek's claims on statute of limitations grounds was a final judgment on the merits under the doctrine of *res judicata. See id.* at 500, 121 S.Ct. 1021. We affirmed, holding that federal law established the preclusive effect of federal judgments in subsequent identical state court actions, and as a result, the prior dismissal of Semtek's claims by a federal court on statute of limitations grounds was a judgment on the merits for *res judicata* purposes, thereby precluding litigation of those claims in Maryland. *See id.* (citing *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 128 Md.App. 39, 736 A.2d 1104 (1999)).

Although the Court of Appeals declined to review our opinion, the U.S. Supreme Court granted *certiorari* and reversed and remanded. *See Semtek*, 531 U.S. at 500, 121 S.Ct. 1021. The Supreme Court held that the claim-preclusive

effect of a federal court's dismissal on state statute of limitations grounds in a diversity action is governed by a federal rule that incorporates the claim-preclusion law applied by the state courts in the state in which the federal court sits. *See id.* at 509, 121 S.Ct. 1021. Thus, the preclusive effect of the California federal court's dismissal of Semtek's claims on statute of limitations grounds depended on California's law of claim preclusion. The case was remanded to this Court for the purpose of determining whether a dismissal on statute of limitations grounds constituted an adjudication on the merits for *res judicata* purposes under California law. *See id.*

As can readily be seen, *Semtek* is inapposite to the issue before us in the case *sub judice.* At no time did this Court or the Supreme Court address the issue of the preclusive effect of a dismissal of a complaint on the grounds of statute of limitations *under Maryland law.* Both the circuit court and this Court looked to what we believed to be federal law as controlling authority, while the Supreme Court referred us to California law (the content of which it did not pass on) for such authority.

Our research has revealed several Maryland cases that address the dismissal by a court of an action on procedural grounds in the context of *res judicata.* In *Cassidy v. Board of Education of Prince George's County,* 316 Md. 50, 62, 557 A.2d 227 (1989), the Court of Appeals held that the court's dismissal of a complaint based upon the plaintiff's failure to allege the giving of statutory notice was not an adjudication on the merits, because such notice was merely a precondition to the maintenance of the cause of action, and the plaintiff was able to satisfy the precondition prior to bringing the second action. In addition, the Court of Appeals has held that the following procedural grounds for dismissal are not an adjudication on the merits: misjoinder, *Blankman v. Hospelhorn,* 177 Md. 442, 449–50, 9 A.2d 831 (1939); the filing of an action in equity when it should have been filed at law, *Shoreham Developers, Inc. v. Randolph Hills, Inc.,* 269 Md. 291, 303, 305 A.2d 465 (1973); the failure to pray a jury trial, *Davison Chemical Co. v. Baugh Chemical Co.,* 134 Md. 24, 37, 106 A.

269 (1919); and lack of prosecution, *Tobin v. Barnett,* 161 Md. 444, 450, 157 A. 737 (1932).

■ The principle underlying these cases is that a dismissal on a procedural ground is not a determination by the court that the plaintiff cannot maintain a cause of action; rather, it is a defect in practice, procedure, or form that may be corrected in the second lawsuit to allow the cause of action to proceed. *See* John A. Lynch & Richard W. Bourne, Modern Maryland Civil Procedure § 12.2(b)(2) (2d ed. 2004) ("If a plaintiff has filed in the wrong court, against the wrong party, or before a debt is due, . . . it is likely that the circumstances that defeated the claim the first time around may be altered in the second suit."). On the other hand, a dismissal of a claim because of an affirmative defense, like sovereign immunity in *Annapolis Urban,* 43 Md.App. 286, 405 A.2d 313, precludes a plaintiff from ever prosecuting that claim. We believe that the affirmative defense of the statute of limitations falls in that latter category. In dismissing a complaint that, on its face, is barred by the statute of limitations, the court is deciding that the plaintiff can never maintain that cause of action. Consequently, when a circuit court in Maryland grants a motion to dismiss on the grounds that the complaint, on its face, is barred by the statute of limitations, such dismissal is an adjudication on the merits for *res judicata* purposes.

### B. "With" or "Without" Prejudice

In its second argument, North American asserts that *res judicata* does not bar the instant action, because the court order dismissing the complaint in the first case did not specify that the dismissal was "with prejudice," and as a result, the dismissal was "without prejudice." Boston Medical responds by contending that North American's argument is based on Maryland Rule 2–506, which relates to voluntary dismissals, and thus is inapplicable to the facts of this case. Instead, according to Boston Medical, the controlling authority is Maryland Rule 2–322(c), which provides that "an amended com-

plaint may be filed only if the court expressly grants leave to amend." We agree with Boston Medical.

Maryland Rule 2–506 states, in relevant part:

(a) **By notice of dismissal or stipulation.** Except as otherwise provided in these rules or by statute, a party who has filed a complaint, counterclaim, cross-claim, or third-party claim may dismiss all or part of the claim without leave of court by filing (1) a notice of dismissal at any time before the adverse party files an answer or (2) by filing a stipulation of dismissal signed by all parties to the claim being dismissed.

(b) **By order of court.** Except as provided in section (a) of this Rule, a party who has filed a complaint, counterclaim, cross-claim, or third-party claim may dismiss the claim only by order of court and upon such terms and conditions as the court deems proper. . . .

(c) **Effect.** Unless otherwise specified in the notice of dismissal, stipulation, or order of court, a dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a party who has previously dismissed in any court of any state or in any court of the United States an action based on or including the same claim.

Under this rule, an action may be dismissed at the request of the plaintiff in only three ways: (1) by notice of dismissal, *see* Rule 2–506(a); (2) by stipulation of dismissal, *see* Rule 2–506(a); or (3) by order of court, *see* Rule 2–506(b). Unless otherwise specified in the way that the action is dismissed, the dismissal is without prejudice. "Without prejudice is understood to mean that the action can be reinstituted, and any argument that the issues have already been litigated will not be entertained." Paul V. Niemeyer & Linda M. Schuett, Maryland Rules Commentary 388 (3rd ed.2003).

Here, North American claims that the court in the first case failed to state in its order that the dismissal was "with prejudice," and consequently, under Rule 2–506(c), it was free to pursue the instant action. North American's argument

lacks merit, for the simple reason that Rule 2–506(c) does not apply to the facts of this case. The dismissal of the complaint in the first case was not at the request of the plaintiff, North American. The order of dismissal came as a result of Boston Medical's motion to dismiss on statute of limitations grounds. Moreover, Rule 2–506(c) expressly conditions a dismissal without prejudice on a lack of specification otherwise in "the notice of dismissal, stipulation, or order of court." In other words, the concept of a dismissal without prejudice arises under Rule 2–506 only in the context of a voluntary dismissal by the plaintiff by notice of dismissal, stipulation, or order of court. The phrase "order of court" in the rule does not refer to *any* order of court dismissing a lawsuit, as North American apparently contends; rather, "order of court" means only such order entered pursuant to a plaintiff's motion for voluntary dismissal.[4]

North American's argument also lacks merit because the circuit court in the first case dismissed North American's complaint pursuant to Maryland Rule 2–322. Rule 2–322(b) governs motions to dismiss a complaint based upon, *inter alia*, a failure to state a claim upon which relief can be granted. *See id.* at (b)(2). This Court has stated:

> Where the limitations defense is apparent from the face of the complaint, it has been held subsumed within the broader defense that the complaint fails to state a cause of action upon which relief can be granted, and it therefore may be raised under the aegis of that defense in a motion to dismiss under ... Rule 2–322(b).

---

4. Similarly, North American's reliance on *Lennon v. Strazzella*, 331 Md. 270, 627 A.2d 1055 (1993) is misplaced. North American cites to *Lennon* for the proposition that "[a] dismissal pursuant to an order of dismissal which does not otherwise specify its effect is without prejudice." *Id.* at 281, 627 A.2d 1055. North American, however, neglects to include the sentence immediately preceding the above quotation: "Rule 2–506(c) is clear and, thus, dispositive." *Id.* Thus the "order of dismissal" referred to by the Court of Appeals was an order entered pursuant to the plaintiff's motion for voluntary dismissal.

*Suburban Hosp., Inc. v. Dwiggins*, 83 Md.App. 97, 120–21, 573 A.2d 835 (1990), *rev'd on other grounds*, 324 Md. 294, 596 A.2d 1069 (1991).

Rule 2–322(c) states that, "[i]f the court orders dismissal, an amended complaint may be filed only if the court expressly grants leave to amend." In accordance with this part of the rule, the Court of Appeals and this Court have held that, when an order dismissing a complaint expressly grants leave to file an amended complaint, that order is not immediately appealable. *See Nat'l Glass, Inc. v. J.C. Penney Props., Inc.*, 329 Md. 300, 304, 619 A.2d 528 (1993); *Pac. Mortgage and Inv. Group., Ltd. v. Horn*, 100 Md.App. 311, 325, 641 A.2d 913 (1994). Concomitantly, when leave to amend is not expressly given in the order of dismissal, that order is final and appealable. *See Walser v. Resthaven Mem'l Gardens, Inc.*, 98 Md.App. 371, 380, 633 A.2d 466 (1993) (holding that a dismissal order granting plaintiff thirty days "to file 'for leave to amend the Complaint' " did not expressly grant leave to amend under Rule 2–322(c), and thus was final and appealable).

■ There is no language in Rule 2–322, or in the case law or commentary thereon, that incorporates therein the "without prejudice" principle of Rule 2–506(c). Nor does the purpose behind the enactment of Rule 2–506 for voluntary dismissals have any relevance to court-ordered dismissals under Rule 2–322. *See* Maryland Rules Commentary, *supra*, at 387 (stating that Rule 2–506, "adopted in 1984, significantly changed the former practice for voluntary dismissals by limiting a party's ability to dismiss an action unilaterally"). Therefore, the fact that an order of dismissal under Rule 2–322 fails to contain the phrase "with prejudice" has no bearing on the determination of whether that order constitutes an adjudication on the merits for *res judicata* purposes.[5]

---

5. Nevertheless, if a circuit court grants a dismissal under Rule 2–322 without leave to amend, but includes in the order of dismissal the phrase "without prejudice," such order is not an adjudication on the merits and, as a result, a new suit on the same cause of action is not

## C. Resolution

In light of the foregoing discussion, we hold that a court order dismissing an action pursuant to Rule 2–322 on the grounds that the complaint, on its face, is barred by the statute of limitations is an adjudication on the merits under the doctrine of *res judicata.* Such holding is not affected by the omission of the phrase "with prejudice" in the order of dismissal. Accordingly, in the case *sub judice,* the circuit court properly granted Boston Medical's motion to dismiss (or, in reality, for summary judgment) on *res judicata* grounds, because the same complaint of North American against Boston Medical had been dismissed previously by the circuit court on the grounds that, on its face, the complaint was barred by the statute of limitations.

Our holding is consistent with the majority of state courts that have addressed this issue. *See, e.g., Meyers v. Kissner,* 217 Ill.App.3d 136, 160 Ill.Dec. 140, 576 N.E.2d 1094, 1100 (1991), *rev'd on other grounds,* 149 Ill.2d 1, 171 Ill.Dec. 484, 594 N.E.2d 336 (1992); *Dennis v. Fiscal Court of Bullitt County,* 784 S.W.2d 608, 609 (Ky.App.1990); *Opinion of the Justices,* 131 N.H. 573, 558 A.2d 454, 458 (1989); *De Crosta v. A. Reynolds Constr. and Supply Corp.,* 41 N.Y.2d 1100, 396 N.Y.S.2d 357, 364 N.E.2d 1129, 1130 (1977); *LaBarbera v. Batsch,* 10 Ohio St.2d 106, 227 N.E.2d 55, 58–59 (1967); *Gillespie v. Johnson,* 157 W.Va. 904, 209 S.E.2d 143, 145 (1974). Our holding is also consistent with the principle adopted by the Restatement (Second) of Judgments section 19, which states that "[a] valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim." The Reporter's Note to comment f of that section sets forth the "prevailing rule" that a dismissal on the grounds of statute of limitations "operates as a bar in the jurisdiction in which it is rendered, even if the plaintiff in the second action seeks to change his [or her]

---

barred under the doctrine of *res judicata.* *See Moore v. Pomory,* 329 Md. 428, 432, 620 A.2d 323 (1993).

theory of recovery and to rely on a longer limitations provision." [6]

## CONCLUSION

As a final note, we would be remiss if we did not comment on the likelihood of a reoccurrence of the issue presented in this appeal in future cases. If a claim is dismissed because the complaint, on its face, is barred by the statute of limitations, it is difficult to envision why the same claim between the same parties would ever be brought again in this State. The facts and proceedings in the instant case give us one answer.

North American's complaint in the first case clearly was barred, on its face, by Maryland's three-year statute of limitations. In the Motion for Reconsideration of the dismissal order, counsel for North American candidly advised the circuit court that counsel had trouble obtaining documentation from North American and that such documentation demonstrated that the limitations period had not run on North American's claim. In essence, counsel advised the court that an apparent mistake had been made in pleading the accrual date of North American's cause of action, to wit, the date that the debt from Boston Medical became due and owing.[7] Consequently, when

---

**6.** Most federal courts have held that a dismissal on statute of limitations grounds constitutes an adjudication on the merits for *res judicata* purposes. *See, e.g., Murphy v. Klein Tools, Inc.,* 935 F.2d 1127, 1128–29 (10th Cir.1991); *Shoup v. Bell & Howell Co.,* 872 F.2d 1178, 1180 (4th Cir.1989); *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.,* 870 F.2d 1044, 1046 (5th Cir.1989); *S. Cal. Fed. Sav. & Loan Ass'n v. United States,* 52 Fed.Cl. 444, 454 (2002); *see also* 21A Fed. Proc., L.Ed. § 51:246 (stating that "[t]he prevailing view is that a dismissal for failure to comply with the statute of limitations is an adjudication on the merits"). However, these cases are based on Federal Rule of Civil Procedure 41(b), which provides that dismissals, other than those on the basis of lack of jurisdiction, improper venue, or failure to join a party, "operate[ ] as an adjudication on the merits," unless the court specifies otherwise. Maryland does not have a rule of civil procedure comparable to Federal Rule of Civil Procedure 41(b).

**7.** In denying the Motion for Reconsideration, the circuit court noted the discrepancy, presumably concerning the accrual date, between North American's verified complaint and the Motion for Reconsideration,

North American instituted the instant action on September 10, 2004, it filed the identical complaint, except for the allegation that it was seeking to recover deductibles that "ar[o]se from payments made as late as August 30, 2002." [8]

The genesis of the instant action, therefore, was North American's attempt to correct a mistake that it made in pleading a cause of action in the first case. This mistake was not a matter of practice, procedure, or form; it went to the very substance of North American's cause of action, namely, the accrual date of the cause of action. In *Moodhe v. Schenker*, 176 Md. 259, 4 A.2d 453 (1939), the Court of Appeals held that a dismissal of a twice-amended complaint, which failed to allege sufficient facts to state a cause of action, barred, as *res judicata*, a second suit when the complaint alleged the same claim with additional facts to correct the prior omissions. The Court of Appeals observed:

> It is not contended that any allegations appearing in the bill now before us could not have been made in the bill and amendments filed in the former case, as it is not alleged that any facts upon which the present bill is founded were unknown to the complainant when the prior suit was pending.

*Id.* at 269, 4 A.2d 453. The Court concluded that, "we must and do hold that litigants cannot be encouraged in the practice of failing to allege material facts in a complaint." *Id.* The same result is compelled in the case *sub judice.*

---

which was unsupported by an affidavit. Under normal circumstances, a mistake in pleading the accrual date of a cause of action can be cured in the same action by filing an amended complaint before the entry of an order of dismissal (*see* Maryland Rule 2–341(c)) or after the entry of such order with leave of court (*see* Maryland Rule 2–322(c)). North American neither filed an amended complaint nor requested leave to amend its complaint.

8. The complaint, however, still suffered from the same defect as the first complaint, in that it contained the verified allegations "[t]hat the debt owed to [North American] by [Boston Medical] became due on December 25, 1997" and that North American "is claiming pre-[j]udgment interest at the legal rate of 6% from the due date of December 25, 1997 thru [the] date of filing, September 1, 2004[sic]."

**JUDGMENT AFFIRMED; APPELLANT TO PAY COSTS.**